## In the matter of WILLIAM H. VAN HORNE.

### [Decided October 1st, 1908.]

1. The "equal protection of law" required by the constitution of the United States, amended article 14, means equal security or burden under the law to all similarly situated, and the law must bear alike on all individuals, classes and districts which are similarly situated; the purpose of the amendment being to prevent arbitrary and capricious laws.

2. Under its police power, the state may make regulations to protect the health, morals and safety of the people, which interfere with the conduct of the individual in relation to the public; and the legislative determination as to what is a proper subject for regulation will rarely be reviewed by the courts, but a statute which discriminates without proper basis therefor cannot be sustained under the police power.

3. Laws 1908 (*P. L. 1908 p. 375 ch. 185 § 2*) makes it a misdemeanor for the manager, &c., of any theatre or place where theatrical or vaudeville performances are given, to ·admit thereto children under sixteen years old, unless accompanied by a parent, &c., provided that the section shall not apply to entertainments held upon piers devoted to public entertainments.—*Held*, that the distinction between entertainments in theatres, &c., and on public piers was arbitrary, as making an act criminal in a particular place, which is necessarily a crime elsewhere, if a crime at all, and the section violated the constitution of the United States, amended article 14, guaranteeing the equal protection of the law.

4. Laws 1908 (*P. L. 1908 p. 375 ch. 185 § 2*), making it a misdemeanor to admit children under sixteen years old to theatres, &c., but exempting from its operation entertainments held on public piers, being void because of such exemption, the entire section was void.

---

On *habeas corpus.*

*Mr. Pierre P. Garven,* for the state.

*Mr. Robert S. Hudspeth,* for William H. Van Horne.

GARRISON, V. C.

This is a writ of *habeas corpus* brought on behalf of William H. Van Horne, who was apprehended and charged with the violation of section 2 of chapter 185 of the laws of 1908. *P. L. 1908 p. 375.*

The section in question reads as follows:

"2. Any person having the management or control of any theatre or place wherein theatrical, acrobatic or vaudeville performances are given by paid performers, or wherein any moving-picture show is given, his agents or servants, who shall admit thereto or permit or suffer to be or remain therein any child under the age of sixteen years, unaccompanied by a parent, or guardian, or adult friend with the knowledge and consent of the parent or guardian, shall be guilty of a misdemeanor; *provided*, this section shall not apply to any performance given by or under the auspices of any public or private school or any church or Sunday school, or by any charitable organization or society, nor to entertainments held upon piers devoted to public entertainment."

The misdemeanor alleged against the prisoner was in permitting an unaccompanied child less than sixteen years of age to be or remain in a place of amusement at 380 Jackson avenue, Jersey City, under the management and control of the prisoner, where a performance of the kind mentioned in the statute was being given.

It is claimed on behalf of the prisoner that his apprehension and detention are illegal, because that section, at least, of the statute in question is unconstitutional. It is claimed on his behalf that it violates the fourteenth amendment of the constitution of the United States in that it denies the equal protection of the laws, and also that it is violative of section 7, paragraph 11, of the constitution of the State of New Jersey.

I have reached the conclusion that the statute is in conflict with the fourteenth amendment of the federal constitution, and is, therefore, unconstitutional, at least so far as respects the section in question.

"Equal protection of the laws" must certainly mean equal security or burden, under the laws, to every one similarly situated.

A statute to escape condemnation as infringing the rights guaranteed by this amendment, must bear alike upon all in-

dividuals and classes and districts that are similarly situated, in a similar manner, and with uniformity; otherwise, there would be unjust discrimination, which this constitutional mandate prohibits.

The purpose of the constitutional amendment must have been to prevent that which was arbitrary or capricious, and to require uniformity and equality under like conditions.

The so-called police power of the legislature which enables it to make regulations and restrictions to protect the health, morals, safety and welfare of the people undoubtedly justifies the enactment of many laws which interfere with and regulate the conduct of the individual in his relations to the public, and the judgment of the legislature is to be given great, if not controlling, weight as to what conduct on the part of individuals constitutes a menace to the health, morals, safety or welfare of the general public, and its determination will rarely if ever be interfered with by the courts. But this does not justify a legislative enactment which discriminates where there is no basis for discrimination.

Wherever an enactment has attempted to make that a crime in one place which by all laws of reason must be a crime elsewhere within the same jurisdiction, such attempted distinction is found by the courts to be illusory, and the act is held unconstitutional.

Enough has been said to show the test which I find should be applied and which I have applied in determining the constitutionality of this act.

Exercising the police power of the state, which, for the purpose of this decision, I assume the legislature is properly exercising in this instance, this act makes it a misdemeanor for owners of amusement places to permit the attendance, unless accompanied by adults, of children under the age of sixteen, at certain classes of amusements or performances, excepting such amusements or performances as are "held upon piers devoted to public entertainment."

If any tenable reason were suggested why a certain class of amusements might be injurious to the health, morals, safety or welfare of children unaccompanied by adults if the place at which

the entertainment was held was upon land rather than upon a structure extending into or over water, I would not interfere with the law enacted by the legislature containing such a distinction. I have not, however, in a long and careful consideration of this matter, been able to even state, let alone support, a reason which justifies any distinction of that character, nor has the learned prosecutor who appeared before me on behalf of the state been able to suggest one. Therefore, it seems too apparent to require further illumination that the distinction attempted to be made is without warrant and is arbitrary.

All of the authorities hold that under such circumstances the law is unconstitutional, and I so hold with respect to this statute, so far as respects the section in question.

It was not even suggested upon the argument that the clause excepting the entertainment upon piers could be excised and the law thus saved. No reason has occurred to me which would authorize or warrant any such treatment of the situation. The section must stand or fall as enacted.

The result of my conclusions is that the prisoner must be released from custody.