LOUIS SHERMAN, PROSECUTOR, v. THE MAYOR AND ALDERMEN OF THE CITY OF PATERSON.

Submitted December 7, 1911—Decided March 18, 1912.

An ordinance of the city of Paterson prohibiting the transacting of certain lines of business upon Sunday under penalties of fine and imprisonment is not in derogation of the constitutional rights of the citizen ; and is not unreasonable as an unwarranted discrimination against the citizen engaged in transacting the business prohibited as against the citizen engaged in other lines of business not thus specially prohibited.

On writ of *certiorari* removing ordinance of the mayor and aldermen of the city of Paterson.

Before Justices TRENCHARD, MINTURN and KALISCH.

For the prosecutor, *Isadore V. Klenert.*

For the defendant, *Edward F. Merrey.*

The opinion of the court was delivered by

MINTURN, J. The writ of *certiorari* in this case is designed to review the legality of an ordinance passed by the board of aldermen of the city of Paterson, entitled "An ordinance preventing vice and immorality, to preserve the public peace and good order, and for other purposes."

The ordinance is intended to prohibit the sale, upon Sunday, in any store, shop or other place within the city, of any clothing, shoes, leather and findings, hats or hardware, under penalties expressed therein.

The charter of the city (*Pamph. L.* 1871, *p.* 808) provides that the board of aldermen shall have power to make, continue, modify and repeal ordinances, regulations and restrictions to carry into effect any and all of the powers vested by law in the corporation, "and may enforce obedience to the same by fines not exceeding fifty dollars, or by imprisonment, or both; and shall have power by ordinance, resolutions, rules, regulations and by-laws to prevent vice and immorality, to preserve the public peace and good order," &c., in addition to "other powers elsewhere specially granted."

"An act for suppressing vice and immorality" (*Gen. Stat.,* *p.* 3707) prohibits the conducting of certain lines of work and labor on Sunday, but excepts specifically from its provisions certain other lines of business.

The ordinance is attacked upon the general ground of illegality, in that it violates the constitutional and common law rights of citizens, and is unreasonable, in that it makes an unwarranted discrimination against the lines of business the transacting of which it specifically prohibits on Sunday.

It will be observed that the general and immemorial policy of the state, as indicated by the Vice and Immorality act, has been to set aside Sunday as a day of rest upon which the prosecution of any business or calling excepting those occupations specially excepted in the act is prohibited. This act has been construed by this court and the Court of Errors and Appeals so as to render void every transaction performed upon Sunday, which, if performed upon a week day, would be perfectly valid and enforceable in a court of justice. *Reeves* v. *Butcher,* 2 *Vroom* 325. Under its provisions, sales and contracts in general, executed on that day, are void *ab initio,* and are incapable of ratification. *Riddle* v. *Keller,* 16 *Dick. Ch. Rep.* 513; *Gennert* v. *Wuestner,* 8 *Id.* 302.

In the early case of *Crocket* v. *Vanderveer,* 2 *Penn.* 424, Mr. Justice Pennington, speaking for this court, said: "Our

statute for suppressing vice and immorality enacts that no person shall cry, show forth or expose for sale any merchandise, goods, chattels, &c., on Sunday, or sell or barter the same. It is to prevent the public exposure of goods and merchandise for sale on Sunday and selling them in consequence thereof."

That this has been the settled public policy of the state is thus emphasized by a legislative act which, from the day of its enactment (*Pat. L., p.* 329), has never been repealed or amended in its general tenor; and for over a century has remained undisturbed as the positive law of the state.

The delegation of power by the legislature to the city, contained in the municipal charter, and intended to prevent vice and immorality, is a legislative delegation of the police power to be locally exercised, and *Paul* v. *Gloucester,* 21 *Vroom* 585, is authority for the proposition that the legislature in this respect is omnipotent to grant these powers to political divisions of the state now existing or to be created by it.

The fact that the municipal authorities to whom the power was thus delegated have seen proper in their discretion to single out certain occupations, the prosecution of business in which upon Sunday may be particularly objectionable and offensive, does not operate as an unreasonable or illegal discrimination against those engaged in such occupations. The imposition of a fine of $2, imposed by the Vice and Immorality act, may not have operated in the judgment of the municipal board as a sufficient deterrent in the locality to prevent the violation of the law; and the passage of the ordinance may have been deemed necessary with its larger pecuniary penalty, combined with the physical deterrent of imprisonment, to effectuate a compliance with the law.

In *Howe* v. *Plainfield,* 8 *Vroom* 145, it was held that the same act may constitute an offence both against the state and the municipal corporation, and both may punish without violating any constitutional principle. The same general doctrine is discussed and elucidated in 28 *Cyc.* 697.

The alleged discrimination sought to be established in this case between the occupations prohibited upon Sunday and

those not specially prohibited by the terms of the ordinance, is more fanciful than real, since those prohibited by ordinance are but a few of the many prohibited generally by the statute; and since those specially prohibited by ordinance from exercising their calling upon Sunday, are also forbidden by the general law of the state from performing the same act upon that day, it must be assumed that they will obey the clear mandate of the law and not violate it, and hence, they possess no privilege, right or immunity which, under our constitutional guarantees, can be abrogated or infringed by the enforcement of a local law whose sole and only distinctive characteristic is the imposition of penalties not contained in the general act. That such an exercise of power by a municipality is not unreasonable, and in nowise contravenes the constitutional rights guaranteed to the citizen, is amply illustrated by the adjudications in those jurisdictions in which the question has received judicial consideration. *Thresen* v. *McDavid,* 26 *L. R. A.* 234; *State, Hoffman,* v. *Justus,* 64 *Id.* 510; *People* v. *Harnor,* 149 *N. Y.* 195; *Freund Pol. Pow.* 735.

The ordinance under review will be affirmed.