FRANK SCHUMACKER, PROSECUTOR, v. THE TOWNSHIP
OF LITTLE FALLS, ETC., RESPONDENTS.

Argued July 8, 1918—Decided July 26, 1918. .

1. A record of conviction, before a magistrate, which merely contains a recital that two witnesses testified to the act in question, and that from their testimony the magistrate concluded that the defendant violated an ordinance, is not in compliance with the legal rule which requires a return of the testimony upon which the conviction was adjudged.

2. A township ordinance prohibiting the operation of a "merry-go-round" on Sunday is within the powers conferred upon the township by the Township act (*Pamph. L.* 1899, *p.* 385), as well as by the provisions of the so-called "Home Rule" act. (*Pamph. L.* 1917, *ch.* 152.)

On *certiorari.*

Before Justice MINTURN, by consent.

For the prosecutor, *Michael J. Murphy.*

For the respondents, *Joseph MacDonald.*

The opinion of the court was delivered by

MINTURN, J.    The writ is designed to review the proceedings before a justice of the peace at Little Falls, in Passaic county, which resulted in the imposition of a fine upon the prosecutor, for the violation of the provisions of an ordinance of the township in operating there a "merry-go-round" machine upon Sunday, the ninth day of June last.    The prosecutor was fined $25 for his offence, and thereafter obtained this writ to test the legality of the ordinance and procedure which condemned him.

The procedure is attacked because the record sent up presents no recital of the testimony before the magistrate upon which it can be adjudged whether the particular act in question was illegal.    An inspection of the record seems to support this contention, for it merely contains a recital that two wit-

nesses testified to the act in question, and that from their testimony the magistrate concluded that the prosecuor violated the ordinance.

This meagre return is not in compliance with the legal rule which requires a return of the testimony upon which the conviction was adjudged. *Massenger* v. *Millville,* 63 *N. J. L.* 123; *Kolb* v. *Boonton,* 64 *Id.* 163.

This defect obviously requires the setting aside of the conviction; but since the legality of the ordinance was attacked in the argument, it may be well to consider that question so as to set at rest any doubt that may exist as to the powers of the township in that respect.

The Township act (*Pamph. L.* 1899, *p.* 386) empowers the township committee to pass ordinances "to prevent and suppress breaches of the peace and disorderly assemblages."

Section 2 of the ordinance provides: "That no person or persons shall on the first day of the week, commonly called Sunday, run or put in motion or cause to be run or put in motion any merry-go-round or carousal, swings or scups which are maintained for gain or revenue, or keep open and maintain any dancing hall or pavilion, under a penalty of twenty-five dollars for each offence, to be recovered for the use of the township."

Under this section the prosecutor was convicted. It must be manifest that the operating of a "merry-go-round" upon Sunday in any public place must tend to draw together noisy and possibly disorderly assemblages, in violation of the Sunday law, and is the reason underlying its enactment.

The power contained in the Township act is not only directed at such performances upon week-days, but is in essence a general delegation of police power to the municipality, which may exercise it as a supplementary power in aid of the provisions of the Vice and Immorality act, so as to preserve peace, and banish noise and the distractions of the workshop, and ordinary employments, on Sunday as a day of rest, under the American conception of orderly local government. *Petit* v. *Minnesota,* 177 *U. S.* 164.

That such an exercise of the police power is valid and con-

stitutional has been determined by this court. *Sherman* v. *Paterson,* 82 *N. J. L.* 345. Additional support to the authority claimed for the passage of the ordinance is furnished by the "Home Rule" act (*Pamph. L.* 1917, *p.* 353, *ch.* 152), which empowers the governing body to pass ordinances, *inter alia,* (1) to preserve public peace and good order, (2) to prevent disturbing noises.

The general delegation of powers contained in this act is supplemented by an omnibus provision (*p.* 357, § 2) which concedes power to every municipality to make such ordinances "for the good government, order, and for the protection of the public health, safety and prosperity of the municipality and its inhabitants, and as may be necessary to carry into effect the powers and duties conferred and imposed by this act or by any law of this state."

This general delegation of police power usually designated the general welfare clause in such enactments, leaves no doubt that the passage of the ordinance in question was within the power conferred by law upon the township.

For the reason primarily stated the conviction must be set aside, but the ordinance will be sustained, without costs to either party.