HARRY M. SCHACHTER, PROSECUTOR, v. LOUIS C. HAUEN-
STEIN, RESPONDENT.

Submitted July 3, 1918—Decided November 18, 1918.

A municipal ordinance, which simply adds an additional penalty for local infringement of the Vice and Immorality act is a legal exercise of legislative power vested in the municipality.

On *certiorari* removing ordinance of town of Union.

Before Justices PARKER and MINTURN.

For the prosecutor, *Levitan & Levitan*.

For the respondent, *J. Emil Walscheid*.

The opinion of the court was delivered by

MINTURN, J.  The object of this writ is to review a conviction of the prosecutor, for the violation of the provisions of an ordinance of the town of Union, in Hudson county.

The ordinance provides that the keeping open on Sunday of any store for the sale or barter of certain classes of goods enumerated in the ordinance within the town, shall be unlawful, and prescribes a penalty for failure to comply with its provision.

The prosecutor was convicted and fined by the recorder of the town for failure to observe the provisions of the ordinance. His contention now is that the ordinance is not constitutional, because its effect is to close some and not all stores in the town.

The provisions of the ordinance are clearly aimed at the pursuing of a business or occupation on Sunday, which has been carried on by the proprietor during the rest of the week; the manifest purpose being to secure the first day of the week as a day of rest. The question raised here that the ordinance is discriminatory in its operation cannot avail the prosecutor, since the Vice and Immorality act being a general act is in nowise contravened by the passage of the ordinance, and, therefore, the presumption exists that all within the prohibited class enumerated in the statute, of which this prosecutor is one, will obey the statutory Sunday law.

The ordinance simply adds an additional penalty for local infringement, and this, it has been held, is a legal exercise of the charter police power, and is therefore constitutional.

The case presents a substantial repetition of the facts contained in *Sherman* v. *Paterson,* 82 *N. J. L.* 345, and is therefore controlled by it. That adjudication has since been followed in *Schumacker* v. *Little Falls, post p.* 106, and the case before us may therefore be determined upon the doctrine of *stare decisis.* See also *Cooley Const. Lim.* 199.

Since the determination of the Sherman case, the legislature has enacted what is popularly termed the "Home Rule act" (*Pamph. L.* 1917, *p.* 319), which concedes to every municipality a liberal power of providing by ordinance to cover every act which in its operation and incidents may work detrimentally to the "public health, safety and prosperity of the municipality and its inhabitants," and which may be necessary "to carry into effect the powers and duties conferred and imposed by this act or any law of the state."

In either aspect of the situation the ordinance in question was a legal exercise of legislative power vested in the municipality, and the conviction under it must be sustained.