FELIX MAZZARELLI, PROSECUTOR, v. CITY OF ELIZABETH, RESPONDENT.

Submitted October 14, 1932—Decided March 3, 1933.

Before Justices BODINE and DONGES.

For the prosecutor, *Edward Nugent.*

For the respondent, *Walter H. Flaherty (Frank J. Burns).*

PER CURIAM.

The writ brings up an ordinance of the city of Elizabeth making it unlawful to keep open on Sunday a butcher shop, or any similar place of business. The ordinance, by express provision, does not apply to duly licensed poultry markets.

The ordinance simply adds an additional penalty for local infringement, and this, it has been held, is a legal exercise of the charter police power, and is therefore constitutional. The case presents a substantial repetition of the facts contained in *Sherman* v. *Paterson,* 82 *N. J. L.* 345; 82 *Atl. Rep.* 889, and is therefore controlled by it. That adjudication has since been followed in *Schumacker* v. *Little Falls,* 92 *N. J. L.* 106; 108 *Atl. Rep.* 113, and the case before us may therefore be determined upon the doctrine of *stare decisis.* See, also, *Cooley Const. Lim.* 199; *Schachter* v. *Hauenstein,* 92 *N. J. L.* 104; 105 *Atl. Rep.* 13.

"Where, as here, the subject-matter of the ordinance is within the police power of the city and the ordinance is adopted by the proper legislative body of the city, the presumption is (until the contrary be shown) that the ordinance is reasonable. The question of reasonableness is a question of fact, and the burden of proof is upon the prosecutor who attacks the ordinance to show its unreasonableness. The court should not interfere unless it is shown that the ordinance, either upon the face of its provisions or by reason of its operation in the circumstances under which it is to take effect, is unreasonable or oppressive. *Falco* v. *Atlantic City,* 99 *N. J. L.* 19; 122 *Atl. Rep.* 610; *North Jersey Street Railway Co.* v. *Jersey City,* 75 *N. J. L.* 349. Here, there is no such showing Under this head the sole contention is that upon the face of the provision it appears to be unreasonable. But we think that is not so." *Wagman* v. *Trenton,* 102 *N. J. L.* 492; 134 *Atl. Rep.* 115.

There is nothing in the point that the ordinance is unconstitutional; nor is it apparent in what manner the ordinance

exceeds the powers delegated to the city. The case of *Frederick Fuller Kislingbury et al.* v. *The Treasurer of the City of Plainfield,* 10 *N. J. Mis. R.* 798; 160 *Atl. Rep.* 654, is inapplicable.

The writ will be dismissed.