MORRIS RICHMAN, PROSECUTOR, v. BOARD OF COMMISSIONERS OF THE CITY OF NEWARK, RESPONDENT.

Submitted January 17, 1939—Decided March 2, 1939.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Irving Mandelbaum* (*Ralph H. Jacobson*, of counsel).

For the respondent, *James F. X. O'Brien* (*Joseph A. Ward*, of counsel).

The opinion of the court was delivered by

PORTER, J. The question presented on this writ of *certiorari* is the legality of an ordinance adopted by the Board of Commissioners of the city of Newark, the respondents, which prohibits the sale of groceries on Sundays between the hours of one o'clock P. M. and twelve o'clock midnight, and provides penalties of fines or imprisonment for its violation.

The prosecutor is a grocer in Newark and also a licensed dealer in intoxicating beverages, at retail, for consumption off the premises. He contends that the practical effect of the ordinance is to prohibit him from selling groceries, but not from selling liquor on Sundays after one o'clock P. M. He says that the ordinance is discriminatory and unreasonable in prohibiting groceries only and not affecting other merchants dealing in general merchandise, many of whom also sell foodstuffs not classified as groceries. The argument is also made that the ordinance violates the Vice and Immorality statute, *R. S.* 2:207-6, which expressly makes unlawful the sale of any "wares, merchandise, fruit, herbs, meat, fish, goods or chattels on Sunday."

We do not find that the ordinance is in violation of the statute in question. It is not inconsistent with the long settled policy of the state as expressed by the legislature in

the Vice and Immorality act, *supra*. On the contrary, it seeks to strengthen that policy by providing more severe penalties than the act calls for if sales of groceries are made during the afternoon or evening of Sunday. True it might have included all the hours of the day and also all merchandise, but the failure to do so does not invalidate it nor make lawful the sale of groceries during the hours before one P. M. Nor do we think it can be said that by making this prohibition of the sale of groceries there was any invitation given expressly or by implication that the law might be violated by the sale of other prohibited merchandise on Sunday. This court cannot interfere with proper governmental functions of municipalities. Ordinances prohibiting the carrying on of business on Sunday have repeatedly been upheld by this court. *Cf. Sherman* v. *Paterson,* 82 *N. J. L.* 345; *Schachter* v. *Hauenstein,* 92 *Id.* 104; *Schumacker* v. *Little Falls,* 92 *Id.* 106; *Thorne* v. *Kearny,* 100 *Id.* 228; *Mazzarelli* v. *City of Elizabeth,* 11 *N. J. Mis. R.* 150.

Is the ordinance discriminatory or unreasonable? The legal presumption is that it is neither. The proofs before us do not overcome that presumption. It is general and applies to all grocery stores in the city without any exceptions. It is not class legislation. *Cf. Quigley* v. *Lehigh Valley Railroad Co.,* 80 *N. J. L.* 486 (at *p.* 493); *Van Riper* v. *Parsons,* 40 *Id.* 1; *Doherty* v. *Spitznagle,* 104 *Id.* 38.

The writ is dismissed, with costs.