31 N.J. Super. 187 (1954)
106 A.2d 9
CITY OF ELIZABETH AND HENRY EINHORN, PLAINTIFFS-RESPONDENTS,
v.
WINDSOR-FIFTH AVENUE, INC., (TWO GUYS FROM HARRISON), ET AL., DEFENDANTS-APPELLANTS. CITY OF ELIZABETH AND ALBERT HERTZBERG, PLAINTIFFS-RESPONDENTS,
v.
WINDSOR-FIFTH AVENUE, INC., (TWO GUYS FROM HARRISON), ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 24, 1954.
Decided June 16, 1954.
*189 Before Judges CLAPP, SMALLEY and SCHETTINO.
Mr. Raymond A. Leahy argued the cause for plaintiffs-respondents.
Mr. Murray G. Simon argued the cause for defendants-appellants.
The opinion of the court was delivered by CLAPP, S.J.A.D.
The corporate defendant, known as Two Guys from Harrison, operating a chain of retail stores in New Jersey, including a store in Elizabeth, and perhaps three other defendants, employees of that store, were convicted in the Municipal Court of the City of Elizabeth of having violated an ordinance of that city. By the ordinance it is declared unlawful for any person to open or keep open, on Sunday and certain major holidays, a store wherein (there is no verb in this clause of the ordinance) the business of selling household electrical appliances. The County Court affirmed.
Defendants claim, first, the ordinance, insofar as it applies to Sunday, is discriminatory and therefore void. Indeed, as admitted on the argument, on the part of the city, it seems to be a "fair inference" that the ordinance was "pinpointed" against defendants' store in Elizabeth. The complaints initiating these proceedings were made in behalf of local competitors in the electrical appliance business.
*190 There is no doubt as to the authority of a municipality to pass an ordinance for the prevention of business activity on Sunday, either under the power given it to deal with the matter of morality, N.J.S.A. 40:48-1, paragraph 6, or under the police power conferred by the Home Rule Act, N.J.S.A. 40:48-2, over the welfare of the municipality. See Fred v. Mayor and Council, Old Tappan Borough, 10 N.J. 515, 519 (1952); 83 C.J.S., Sunday, § 3, p. 802. There is no conflict here with N.J.S.A. 2A:171-1 (Richman v. Newark, 122 N.J.L. 180 (Sup. Ct. 1939)), which, though it abrogated the trifling fine of $1.00, still in mandatory terms sets Sunday apart as a day of rest.
Is the ordinance discriminatory? It seems to be said that since all worldly activity is, in general, forbidden by the state Sunday law, one engaging in some such activity on Sunday has no redress under constitutional guarantees when a local ordinance, arbitrarily and with offensive discrimination, singles out that activity and imposes a substantial fine with respect to it; and it makes no difference, so the argument seems to go, whether the state law imposes a trifling penalty in addition to that fine or (as under the present law) no penalty at all. Sherman v. Paterson, 82 N.J.L. 345 (Sup. Ct. 1912); Schachter v. Hauenstein, 92 N.J.L. 104 (Sup. Ct. 1918); Mazzarelli v. City of Elizabeth, 11 N.J. Misc. 150 (Sup. Ct. 1933).
We do not get to that issue here. Where a defendant charged with the violation of an ordinance, asserts the ordinance is so unreasonable as to be void, he has the burden of proof on the matter; and, if he is to succeed, his proof must be clear and perhaps even demonstrate that the ordinance is palpably unreasonable. State v. Mundet Cork Corp., 8 N.J. 359, 369, 370 (1952); cf. Whitney v. California, 274 U.S. 357, 369, 47 S.Ct. 641, 71 L.Ed. 1095 (1927), a criminal case putting upon the defendant the burden of showing that the statute, allegedly violated, was discriminatory.
The ordinance may here be reaching an evil where it is most felt; and, if so, it need not embrace all occupations *191 touched by the evil. Or the ordinance may be held reasonable upon some other basis. Amodio v. Board of Commissioners of W. New York, 133 N.J.L. 220, 226 (Sup. Ct. 1945); Elliott v. State, 29 Ariz. 389, 242 P. 340, 46 A.L.R. 290; City of Mt. Vernon v. Julian, 369 Ill. 447, 17 N.E.2d 52, 119 A.L.R. 752. But we need not consider these questions.
The defendants have not carried the heavy burden placed upon them. The record is nearly barren on the point. What other types of stores, if any, are open in Elizabeth on Sunday does not appear, except for a dubious reference in the testimony to an automobile accessory store. We do not know whether or not the defendant's store in Elizabeth is more obnoxious on Sundays and holidays than these other stores on those days. Nor do we know why the ordinance is designed apparently to close the store on Sundays and holidays because one of its activities (it deals in 4,600 items, apart from drugs and appliances) is the selling of household electrical appliances. These questions  they are neither asked in the briefs, nor answered in the record  give rise to suspicions, but they do not rebut the presumption of validity attaching to this ordinance. Cf. Richman v. Newark, 122 N.J.L. 180 (Sup. Ct. 1939), supra. The ordinance, so far as it deals with Sundays, has not been proven invalid, and defendants' first contention therefore falls.
The ordinance proscribes sales of electrical appliances, not only on Sundays but also on New Year's Day, Decoration Day, Independence Day, Labor Day, Thanksgiving and Christmas, and defendants claim, secondly, that it, insofar as it applies to holidays, is void. The ordinance would seem to be (we need not pass upon it) in contravention of N.J.S.A. 36:1-2. If so, it can hardly be said that it is saved by N.J.S.A. 40:52-1 (g), authorizing the regulation of stores; section (g) does not seem to authorize a municipality to make exceptions to N.J.S.A. 36:1-2. Cf. Amodio v. Board of Commissioners of W. New York, 133 N.J.L. 220 (Sup. Ct. 1945), supra. However, the provision in the *192 ordinance as to holidays is manifestly independent of and separable from the provision therein as to Sundays under which defendants were convicted here; and so the invalidity (if it be invalid) of the one provision does not undermine the other, that with which we are concerned. Washington National Ins. Co. v. Board of Review, 1 N.J. 545, 556 (1949).
Defendants claim to be excluded from the ordinance by section 1A thereof, providing:
"1A. This ordinance shall in nowise affect any appliances sold in any drug store with a Registered Pharmacist always in attendance for medical treatment or purposes."
As conceded, defendant's store is to be deemed a drug store, and it had a registered pharmacist in attendance on the Sunday on which the violations took place. However, to make sense out of this section, it must be read as though commas had been inserted after the words "sold" and "attendance"; it cannot be said, as counsel argue, that the ordinance contemplates a registered pharmacist was to be "in attendance" in order to provide "medical treatment" in violation of N.J.S.A. 45:9-22. The sale of the appliance, for which defendants were convicted, was not made for a medical purpose, and hence section 1A does not aid them.
Lastly, defendants contend that there should have been one, not two convictions; they say that no more than one offense could be committed by keeping open on one Sunday. This point need not be determined. See note, 22 L.R.A. (N.S.) 783 (1909). Though orally both the Municipal and County Courts directed two fines to be imposed, each as to a separate sale made the same Sunday, there was, in fact, but one judgment of conviction entered in the Municipal Court, and that imposed a single fine only with respect to one of the sales. The County Court merely affirmed that judgment. The defendant is not prejudiced by the oral directions.
Modified.