41 N.J. Super. 303 (1956)
124 A.2d 612
AUTO-RITE SUPPLY CO., A CORPORATION OF THE STATE OF NEW JERSEY, ROCKFORD FURNITURE CO., A CORPORATION OF THE STATE OF NEW JERSEY, AMERICAN SHOPS, INC., OF WOODBRIDGE, A CORPORATION OF THE STATE OF NEW JERSEY, AND ANNA MILLER AND IRWIN MANCBACH, T/A IRWIN'S FINE FURNITURE, PLAINTIFFS,
v.
MAYOR AND TOWNSHIP COMMITTEEMEN OF THE TOWNSHIP OF WOODBRIDGE, AND THE TOWNSHIP OF WOODBRIDGE, IN THE COUNTY OF MIDDLESEX, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided August 14, 1956.
*307 Messrs. Jacobson & Winter, attorneys for plaintiffs.
Mr. Nathan Duff, attorney for defendants (Mr. Robert N. Wilentz, of counsel).
EWART, J.S.C.
By this suit in lieu of the former prerogative writ of certiorari, plaintiffs, taxpayers of the Township of Woodbridge, attack the validity of an ordinance of the Township of Woodbridge in the County of Middlesex adopted on or about February 7, 1956. A copy of the ordinance under attack is annexed to the complaint as Exhibit A.
The municipal defendants file formal answer denying the material allegations of the complaint and the plaintiffs, on notice, thereupon move for summary judgment under R.R. 4:58 upon the grounds that the ordinance is discriminatory against them in favor of other local merchants; that the ordinance violates the due process and equal protection clause of the Federal Constitution and constitutes an unreasonable exercise of police power; that the ordinance bears no reasonable relation to the police power under the Municipal Home Rule Act; that the ordinance is vague and ambiguous and therefore unenforceable; that the ordinance was promulgated and adopted for the benefit of certain private interests within the municipality; and that the ordinance by its terms is unreasonable, arbitrary and discriminatory in violation of constitutional guaranties. Plaintiffs supported their motion by affidavits of Irwin E. Mancbach, William Borbely, Adam Reiser, Harry Meyerson and Max Strelsin. The defendants filed no answering affidavits.
A reference to the ordinance will reveal that it is a penal ordinance prohibiting the sale, disposition or delivery on the Sabbath of a limited selected list of merchandise particularly described in the ordinance, under penalty, upon conviction, of either or both fine and imprisonment.
Defendants having filed no affidavits controverting the allegations of plaintiffs' affidavits, the factual matters (but not conclusions) set forth in the plaintiffs' affidavits are to be taken as true.

*308 Statutory Law

While the Township of Woodbridge, a municipal corporation, possesses only such power to legislate by ordinance as the State has conferred upon it either in express terms or as arise by necessary or fair implication (New Jersey Good Humor, Inc., v. Board of Commissioners of Borough of Bradley Beach, 124 N.J.L. 162, at pages 164-165 (E. & A. 1939); Reid Development Corp. v. Parsippany-Troy Hills Township, 31 N.J. Super. 459, at page 465 (App. Div. 1954)), yet I think there is no question but that the Legislature has conferred upon municipalities in this State express authority to adopt ordinances to preserve the public peace and order (R.S. 40:48-1(6)) and such other ordinances as may be deemed necessary and proper for the good government, order and protection of persons and property, and for the preservation of the public health, safety and welfare of the municipality and its inhabitants (R.S. 40:48-2). Such delegation of power by the State to a municipal corporation represents an exercise of the police power inherent in every sovereign state.
Therefore, there would appear to be no doubt but that the Township of Woodbridge, a municipal corporation, has been delegated the power and does possess the authority, in exercise of the so-called police power, to adopt and to enforce ordinances to preserve the public peace and order and to promote the public health by providing for and attempting to secure repose and quiet on the Sabbath. It remains for determination, however, as to whether the particular ordinance under attack does constitute a valid exercise of that power.

Constitutional Guaranties
Article I, paragraph 1, of the 1947 New Jersey Constitution describes as a natural and unalienable right the acquisition, possession and protection of property, and paragraph 5 of the same Article provides that no person shall be denied *309 the enjoyment of any civil right, nor be discriminated against in the exercise of any civil right.
And the 14th Amendment to the Federal Constitution forbids any State to deprive any person of property without due process of law, and forbids any state to deny to any person the equal protection of the laws.

Presumption as to Validity of Ordinance
There is, of course, a presumption in favor of the validity of an ordinance, and the burden of showing to the contrary rests upon those who attack it. Edwards v. Mayor & Council of Borough of Moonachie, 3 N.J. 17, 26 (1949); City of Elizabeth v. Windsor-Fifth Avenue Corp., 31 N.J. Super. 187 (App. Div. 1954); Bellington v. Township East Windsor, 32 N.J. Super. 243 (App. Div. 1954).
However, the court is charged with the duty of seeing to it that the efficiency of constitutional guaranties shall not be whittled away or eroded by unwarranted presumptions under the facts and circumstances of a particular case. Otherwise, constitutional guaranties protecting individual rights and rights of property would become a mere rope of sand in no wise restraining municipal or governmental action. Gulf, C. & S.F. Ry. Co. v. Ellis, 165 U.S. 150, 154, 17 S.Ct. 255, 41 L.Ed. 666 (1897); Washington National Ins. Co. v. Board of Review, etc., 1 N.J. 545, 554 (1949).

The Police Power and Its Limitations
The police power is an attribute of sovereignty and is inherent in every sovereign government. Reingold v. Harper, 6 N.J. 182, at page 194 (1951); 11 Am. Jur., 966-967. It comprehends measures essential to the preservation and protection of the public health, safety and common welfare. New Jersey Good Humor, Inc., v. Board of Commissioners of Borough of Bradley Beach, supra, 124 N.J.L., at pages 168-169; Reingold v. Harper, supra, 6 N.J., at page 190; 11 Am. Jur., 972-973.
*310 And, of course, the police power inherent in every sovereign state may be delegated by it to its municipal corporations as has been done in this State by the statutory provisions above cited.
But broad as is the police power, it is not without its limitations. Its exercise must be directed to a legitimate end, that is, the protection of a basic interest of society rather than the advantage of particular individuals. Home B. & L. Association v. Blaisdell, 290 U.S. 398, 54 S.Ct. 231, 78 L.Ed. 413 (1934); New Jersey Good Humor, Inc., v. Board of Comm'rs of Borough of Bradley Beach, supra, 124 N.J.L., at page 168; Reingold v. Harper, supra, 6 N.J., at page 192. Regulation of occupations cannot be valid where it amounts to an arbitrary or unwarranted interference with the right of a citizen to pursue a lawful business. A valid exercise of the police power is dependent upon a reasonable necessity for its exercise to protect the health, safety, morals or common welfare of the State and of its inhabitants. 11 Am. Jur., 1047-1048. And it is not within the bounds of reason to prohibit particular classes of business, lawful in themselves, for the enrichment or protection of another class. Subversion of competition is not in the public interest and the police power cannot lawfully be addressed to that end. New Jersey Good Humor, Inc., v. Board of Comm'rs of Borough of Bradley Beach, supra, 124 N.J.L., at page 168.
An exercise by the State of police power affecting personal and property rights is nugatory unless made in good faith for the attainment of a public object. If the dominant purpose be the service of private interests under the cloak of the general public good, it constitutes a perversion and abuse of the power and is unlawful. New Jersey Good Humor, Inc., v. Board of Comm'rs of Borough of Bradley Beach, supra, 124 N.J.L., at page 169; Reingold v. Harper, supra, 6 N.J., at page 192. The police power may not be invoked for the economic protection alone of particular individuals or group of individuals. Reingold v. Harper, supra, 6 N.J., at page 192.
*311 Another important limitation upon the exercise of the police power by the Legislature, or by a municipality where that power has been delegated by the Legislature, is to be found in the due process and equal protection clauses of both our State Constitution and the Federal Constitution. 1947 N.J. Constitution, Article I, paragraphs 1, 5; 14th Amendment, Federal Constitution. Each forbids class legislation arbitrarily discriminatory against some and favoring others in like circumstances. It is essential that the classification itself be reasonable and not arbitrary and be based upon material and substantial distinctions and differences reasonably related to the subject matter of the legislation or to considerations of public policy. Washington Nat. Ins. Co. v. Board of Review, etc., supra, 1 N.J., at pages 553, 554. Those constitutional guaranties mean that the rights of all persons must rest on the same rules under similar circumstances. Id. And while the State has broad discretion in the selection of a class to which a statute (or ordinance) is to be applicable, yet the classification must have a reasonable and just relation either to the general object of the legislation or to some substantial consideration of public policy or convenience or the service of the common welfare. Otherwise, there will be arbitrary discrimination, and if there be unreasonable or illusory classification, then the classification is arbitrary, discriminatory and unconstitutional. Washington Nat. Ins. Co. v. Board of Review, supra; Van Riper v. Parsons, 40 N.J.L. 1 (Sup. Ct. 1878); Hart v. Teaneck Tp., 135 N.J.L. 174 (E. & A. 1946).
If a statute (or ordinance) allows one class to engage in what is presumptively a legitimate business while denying such right to others, to be valid it must be based upon some principle which may reasonably promote the public health, safety or welfare. 11 Am. Jur., 1046-1047. And classification of objects of legislation to have the virtue of constitutional generality must rest upon distinctions that are substantial and not merely illusory. The test is whether the statutory class has a logical and reasonable basis, free from artificiality and arbitrariness, embracing all and omitting *312 none naturally falling into that category. Raymond v. Township Council of Teaneck, 118 N.J.L. 109 (E. & A. 1936); De Monaco v. Renton, 18 N.J. 352 (1955). A statute (or ordinance) which discriminates without proper basis therefor cannot be sustained under the police power. In re Van Horne, 74 N.J. Eq. 600 (Ch. 1908).

Present Status of Sunday Observance Laws in New Jersey
Formerly, and for a long time, we had a statute in this State expressly prohibiting all worldly employment or business and all ordinary or servile labor or work, except works of necessity and charity, on the Sabbath. R.S. 2:207-1. And under that statute there are a number of adjudications sustaining the validity of ordinances prohibiting the operation of particular businesses on the Sabbath, without prohibiting business in general. Sherman v. City of Paterson, 82 N.J.L. 345 (Sup. Ct. 1912); Schumacker v. Little Falls Tp., 92 N.J.L. 106 (Sup. Ct. 1918); Mazzarelli v. City of Elizabeth, 11 N.J. Misc. 150 (Sup. Ct. 1933); City of Elizabeth v. Windsor-Fifth Avenue, Inc., 31 N.J. Super. 187 (App. Div. 1954). The validity of such ordinances were sustained against the charge of discrimination and illegal class legislation on the ground that the Sunday closing statute prohibited all worldly employment and business on the Sabbath and that an ordinance prohibiting the operation of a particular business could not be said to constitute discriminatory class legislation because in any event all such Sunday business was prohibited by the state law then in force.
However, in the revision of Title 2 of the statutes, N.J.S. 2A:171-1 was substituted for the old law (R.S. 2:207-1). In State v. Fair Lawn Service Center, Inc., 20 N.J. 468 (1956), our Supreme Court reversed a judgment of conviction against the defendant for violation of the Sunday observance law (N.J.S. 2A:171-1) on the ground that it was a criminal (penal) statute which provided no penalty and that "a criminal statute without a penalty clause *313 is of no force and effect." As I interpret that decision, I consider that presently we have in this State no effective statute prohibiting the carrying on of general business on the Sabbath. Accordingly, I conclude that the decision of our Supreme Court in State v. Fair Lawn Service Center, Inc., supra, destroys the basis upon which such Sunday closing ordinances were sustained in Sherman v. City of Paterson, supra, Schumacker v. Little Falls Tp., supra, Mazzarelli v. City of Elizabeth, supra. The decision in City of Elizabeth v. Windsor-Fifth Avenue, Inc., supra, preceded the decision of the Supreme Court in State v. Fair Lawn Service Center, Inc., and, in addition, the City of Elizabeth v. Windsor-Fifth Avenue case is to be distinguished from the case at bar in that in the former case the court found, unlike the situation here, that there were no proofs sufficient to overcome the presumption of validity in favor of the ordinance there under attack.

Conclusion
A reading of the ordinance here under attack, together with the uncontroverted proofs contained in the plaintiffs' affidavits submitted in support of their motion for summary judgment, justify the conclusion that the ordinance under attack attempts to prohibit on the Sabbath the operation of particular types of business in the Township of Woodbridge while leaving many other commercial enterprises free to carry on their business on the Sabbath as they had been doing prior to the adoption of the ordinance; that there is no reasonable or logical basis for singling out the particular businesses named in the ordinance while leaving many other businesses free to operate on the Sabbath; that indeed the ordinance can hardly be said to attempt to make classifications of prohibited businesses, let alone the consideration for justification of such classifications; and that the real purpose of the ordinance is to subvert competition in favor of the members of the Perth Amboy Merchants Association which collected a fund, employed counsel, had *314 the ordinance drafted, and steered it through public hearing to final adoption, all in the interest of a particular class of merchants and not in the public interest and not for the purpose set forth in the title of the ordinance, viz., "To preserve the public peace and order and to promote the public health by repose and quiet on the day assigned for rest."
For the reasons stated, I conclude that the ordinance under attack cannot be sustained and that it must be set aside as an unconstitutional invasion of personal and property rights of the plaintiffs.