53 N.J. Super. 237 (1958)
147 A.2d 97
TOWN OF WEST ORANGE, COMPLAINANT,
v.
CARR'S DEPARTMENT STORE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Essex County Court.
Decided December 12, 1958.
*240 Mr. William E. Kennedy, attorney for complainant.
Mr. George S. Hochberg, attorney for defendant-appellant
SCHERER, J.S.C. (temporarily assigned).
Defendant was convicted in the Municipal Court of the Town of West Orange on September 22, 1958 for a violation of the provisions of section 1 of an ordinance of the Town of West Orange entitled, "An Ordinance Prohibiting Certain Worldly Employment or Business on Sunday in the Town of West Orange, Essex County, New Jersey, and Providing Certain Penalties for the Violation Thereof," passed and approved April 17, 1958. The alleged violation occurred on Sunday, August 17, 1958. Defendant's store was not open for business or the sale of merchandise, but its employees were working in the store taking inventory. The facts concerning the alleged violation are admitted. The defendant entered *241 a plea of not guilty. Upon trial, it was convicted and fined $25 by the magistrate. This appeal is from that conviction.
No stenographic record was made in the municipal court and hence, on the appeal, pursuant to R.R. 3:10-10(a), the evidence was taken de novo.
Section 1 of the aforesaid ordinance reads as follows:
"No worldly employment or business, except works of necessity and charity, shall be performed or practiced by any person within the Town of West Orange on the Christian Sabbath, or first day of the week, commonly called and hereinafter designated as Sunday."
While the town did not in its complaint or proof in the municipal court negative the fact that the defendant was not engaged in a work of necessity or charity, it was stipulated by the defendant at the trial in this court that the complaint be amended to insert such an allegation. The defendant further stipulated that it was not engaged in work of necessity or charity on the day and at the time the alleged violation occurred. Therefore, the defect which required a reversal of the conviction in Town of West Orange v. Jordan Corporation, 146 A.2d 134 (Cty. Ct. 1958) is not present in this case.
The defendant in its brief presents five arguments for a reversal of the conviction. These will be dealt with in the order in which they appear in that brief.
Defendant asserts, first, that the ordinance is invalid because (a) it is unconstitutional in that it does not "protect the health, welfare, safety or morals of the employees of the defendant establishment"; (b) the defendant is denied equal protection of the Federal and State Constitutions because it is forced to close on Sunday while other stores in West Orange, allegedly offering for sale some of the articles sold by the defendant, are permitted to remain open; and (c) its operation discriminates against those whose religion sets aside Saturday or some other day as the Sabbath.
The New Jersey Constitution, Art. IV, Sec. VII, par. 11, directs that municipal laws shall be liberally construed. The courts have held that there is a presumption *242 in favor of the validity of an ordinance and that the burden of showing to the contrary rests upon those who attack it. Edwards v. Mayor, etc., Borough of Moonachie, 3 N.J. 17, 26 (1949); City of Elizabeth v. Windsor-Fifth Avenue, Inc., 31 N.J. Super. 187 (App. Div. 1954); Bellington v. Tp. of East Windsor, 32 N.J. Super. 243 (App. Div. 1954); Auto-Rite Supply Co. v. Mayor, etc., Woodbridge Tp., 41 N.J. Super. 303 (Law Div. 1956). Thus, defendant must sustain the burden of showing that the ordinance in question is invalid.
No proof was produced by the defendant in support of the proposition that the ordinance does not protect the health, welfare, safety or morals of "the employees of the defendant establishment." But the cases do not require that the ordinance have such limited scope.
It was held in Auto-Rite Supply Co. v. Mayor, etc., Woodbridge Tp., 25 N.J. 188 (1957), that the purpose of the Home Rule Act (R.S. 40:48-2) was to enable a municipality to enact ordinances for the preservation of the public health, safety and welfare "of all of its citizens," not some special class or group thereof. In Hertz Washmobile System v. Village of South Orange, 41 N.J. Super. 110 (Law Div. 1956), affirmed 25 N.J. 207 (1957), Chief Justice (then Judge) Weintraub said as follows:
"The thesis usually advanced today is that the object is to protect all persons from the physical and moral debasement which comes from uninterrupted labor. * * * That this objective may be sought under the police power of the State is beyond question, and so also it may not be disputed that the State may choose the Christian Sabbath for the day of rest, as our Legislature has done." (Emphasis supplied)
We must assume that the governing body of the Town of West Orange believed that such an ordinance was necessary to protect the public health, safety and welfare of all of its citizens and to protect persons from labor on Sunday within the town, except if such labor was a work of necessity or charity. Such a purpose is a valid exercise of its police power.
*243 As was said in Gundaker Central Motors v. Gassert, 23 N.J. 71 (1956), appeal denied 354 U.S. 933, 77 S.Ct. 1397, 1 L.Ed.2d 1533 (1957), the public policy of the State is against all worldly employment on Sunday, except works of charity and necessity. The means selected for accomplishing and maintaining that policy is not for the court to question, so long as there is any reasonable basis for the enactment.
A municipality within the limits of the state statute, by delegation from the State, has power for the public good to enact all manner of laws reasonably designed to protect the public health, welfare, safety and morals of its citizens. By prohibiting the defendant from employing persons to work in its store on Sunday, the ordinance accomplishes that purpose.
The fact that other stores in West Orange are open on Sunday and are allegedly offering for sale articles sold by the defendant does not, as defendant argues, deny it equal protection of the law and, therefore, require a holding that the ordinance is unconstitutional under the equal protection clauses of the Federal and State Constitutions. This problem is one of enforcement, not of the validity of the ordinance.
The equal protection clause of the Federal Constitution secures equality of right by forbidding arbitrary discrimination between persons similarly circumstanced. Washington National Insurance Co. v. Board of Review, etc., 1 N.J. 545, 553 (1949); Howard Savings Institution v. Quatra, 38 N.J. Super. 174, 182 (Ch. Div. 1955). Classification is consistent with this principle if it be reasonably based on the public policy to be served. It is not necessarily fatal that the classification be wanting in purely theoretical or scientific uniformity or mathematical nicety, or that there be some inequality in practice. Schmidt v. Board of Adjustment, etc., Newark, 9 N.J. 405 (1952).
The defendant endeavored to show that there was discrimination in the enforcement of the ordinance. Mr. Doris, its general manager, testified that he was able, on Sunday, *244 October 19, 1958, between 10:30 A.M. and 12:00 noon, to make purchases at five or six stores within the town of various articles, some of which were sold in its store and all of which he believed could not be sold lawfully under the ordinance. Mr. Doris further said that he gave a statement of these facts to the town's police officials, but that no steps were taken to determine whether these establishments were in fact violating the ordinance. Mr. Doris declined to sign a complaint. The police officials of West Orange testified, however, that an investigation of his complaint was made. A detective was sent to the stores in question but he saw no evidence of violations. The detective who made the investigation told the person in charge of each of the stores that Mr. Doris claimed to have made certain purchases there, and in all but one case the proprietors of the stores denied the sales or did not remember them. In the other case, the individual admitted the sale but said he did not know that it was a violation of the ordinance. At every establishment named by Mr. Doris, the detective left a copy of the ordinance with the person in charge and told that person that if there was any doubt about whether he was violating the ordinance he should consult a lawyer. The detective testified that he did not in any case attempt to advise these individuals what they could or could not sell. Obviously, a policeman cannot be stationed in or outside every retail store in West Orange open on Sunday for legal sales to see that no illegal sales are made.
There is, therefore, no proof of any failure by the West Orange police to enforce this ordinance, but in fact the evidence is to the contrary.
The classification of the ordinance is not arbitrary because all sales, except those permitted by the referendum adopted pursuant to N.J.S. 2A:171-6, are prohibited, as is all worldly employment except works of necessity and charity.
There is also a complete lack of proof that the ordinance operates against those whose religion sets aside some *245 day other than Sunday as the Sabbath. The ordinance itself specifically provides in section 4 that any person who, being charged with having labored or worked on Sunday, shall prove to the satisfaction of the magistrate that he uniformly keeps the seventh day of the week as the Sabbath and habitually abstains on that day from following his usual occupation or business, and if the work or labor so performed is in his dwelling house, work shop or on his premises, and has not disturbed other persons in the observance of the first day of the week as the Sabbath, shall be discharged. This provision is also found in N.J.S. 2A:171-4.
In this case the defendant is a corporation and, therefore, obviously not one of those referred to in section 4 of the ordinance or the cited statute. No proof was offered that any of the persons found working on the premises of the defendant on Sunday, August 17, 1958, uniformly kept the seventh day of the week as the Sabbath, rather than the first day of the week. And, of course, the fact is that the work being done was not work performed in the dwelling house, work shop or on the premises of the individuals involved. It should be noted here that no charges were made against the individual employees, but only against the employer corporation.
As was said in Hertz Washmobile System v. Village of South Orange, supra (Law Div.), the original impetus to Sunday legislation probably had its genesis in religious concepts and, hence, in the earlier cases the judicial expressions were to the effect that the statute sought to prevent the desecration of the Sabbath. However, it was early seen that such a concept invited a claim of the violation of the constitutional separation of Church and State and, therefore, that basis is now generally disregarded. 50 Am. Jur., Sundays and Holidays, sec. 10, p. 809.
The thesis presently advanced for such laws is that the object is to protect all persons from physical and moral debasement which comes from uninterrupted labor. 50 Am. Jur., Sundays and Holidays, sec. 9, p. 808.
*246 Other decisions in our State hold that the purpose is to set aside a day of rest. Sherman v. Mayor and Aldermen of City of Paterson, 82 N.J.L. 345, 346 (Sup. Ct. 1912); Schachter v. Hauenstein, 92 N.J.L. 104, 105 (Sup. Ct. 1918); dissenting opinion in State v. Fair Lawn Service Center, Inc., 20 N.J. 468, 482 (1956); City of Elizabeth v. Windsor-Fifth Avenue, Inc., supra (31 N.J. Super. at page 190).
Thus, it is clear that the defendant has failed to present proof that the ordinance operates discriminately against those whose religion sets aside some day other than Sunday as the Sabbath.
The ordinance in question is in conformity with the State statute (N.J.S. 2A:171-1 et seq.), and the governing body of the Town of West Orange had power to enact it under R.S. 40:48-2. The attack on its validity has not been sustained.
The second argument of the defendant is that the so-called Sunday closing ordinance is invalid because the statute upon which it is based (N.J.S. 2A:171-1 et seq.) contains no penalty provision.
It is true that N.J.S. 2A:171-1 et seq. contains no penalty provision. Such a provision did appear in the former statute (R.S. 2:207-1). The penalty provided in that statute was that for each offense the defendant should pay to the use of the poor of the township the sum of $1. When Title 2 was revised, this provision was dropped.
In State v. Fair Lawn Service Center, Inc., supra, the defendant was convicted and fined in the municipal court for a violation of that statute, which conviction was sustained in the County Court. The Supreme Court set aside the conviction on the ground that no penalty was fixed in the statute and that, therefore, it could not be considered a criminal statute. The distinction between that case and the present one is that there the conviction was under the statute, which contained no penalty provision. Here, the conviction is under the ordinance, which does contain a penalty provision.
*247 As stated by Judge Clapp, on behalf of the revisors, in the foreword to Title 2A:
"* * * It was intended to leave municipalities with the power, they theretofore had, to control and regulate Sunday activity."
Implicit in the power to control and regulate is the power to provide penalties for failure to obey regulations lawfully imposed.
In Auto-Rite Supply Co. v. Mayor, etc., Woodbridge Tp., supra, the Supreme Court pointed out that N.J.S. 2A:171-1 was not the source of the municipality's power, but that the latter was found in R.S. 40:48-2. The latter statute permits municipalities to enact such ordinances as they may deem necessary and proper for good government and the preservation of public health, safety and welfare of the municipality and its inhabitants. The ordinance here assailed was enacted for these purposes.
Defendant argues that, because the new Sunday closing statute (L. 1958, c. 138, N.J.S. 2A:171-5.1 et seq.) provides a penalty for the sale on Sunday of the items of merchandise specifically enumerated in that statute, it must be held that only such sales were intended to be penalized, and no others. No such intent is found in the statute.
To adopt this argument is to ignore the holding in Gundaker Central Motors v. Gassert, supra, where the court pointed out that the decision in State v. Fair Lawn Service Center, Inc., supra, was never intended to strip the statute (N.J.S. 2A:171-1 et seq.) of its effectiveness in prohibiting Sunday operations that are not works of charity or necessity, but that the statute remained declaratory of the general public policy of the State with respect to Sunday closing, although the statute itself was incapable of furnishing a basis for prosecution of violations. The effect of this holding is that, despite the absence of penalty provisions in the statute itself, these can be supplied, as in the present case, by local municipal enactments pursuant to the statute.
The purpose of the revision, as stated in the foreword above quoted, was to leave to municipalities the power *248 to regulate and control Sunday activity. This they do pursuant to the Home Rule Act. The 1958 statute does not in the slightest degree purport to affect this. The ordinance, therefore, is not invalid because it contains a penalty provision lacking in the statute.
The defendant's third argument is that L. 1958, c. 138 (N.J.S. 2A:171-5.1) supersedes or repeals by implication N.J.S. 2A:171-1 et seq., upon which latter statute the West Orange ordinance is based, thereby rendering that ordinance void.
The ordinance in question follows closely the wording of N.J.S. 2A:171-1. Section 1 of the ordinance is an exact copy of section 1 of N.J.S. 2A:171, with the substitution of the words "the Town of West Orange" for the words "this State."
It is said that the 1958 statute operates as an implied repealer of the former statute and that it was intended by the 1958 statute to supersede the right which municipalities had theretofore to control the sale of merchandise within their boundaries. The 1958 statute is barren of any language which would lead to this conclusion. The statute itself states in its title that it is a supplement to chapter 171 of Title 2A, the title upon which the West Orange ordinance is based. In section 4 of the 1958 statute it is stated that it is intended as an additional remedy. The 1958 statute is in no way repugnant to or in conflict with the prior statute; it merely expands and supplements the provisions thereof.
No express repealer of any of the provisions of chapter 171 of Title 2A is found in L. 1958, c. 138. Implied repealers are not favored in the law. 50 Am. Jur., Statutes, sec. 538, p. 542; Mahr v. State, 12 N.J. Super. 253 (Ch. Div. 1951).
See French v. Board of Com'rs of Ocean City, 136 N.J.L. 57, at page 59 (Sup. Ct. 1947), where Justice Heher said:
"Repeals by implication are not favored in the law. The question is one of intention; and, in the absence of an express repealer, *249 the indication of an intention to effect a repeal of prior legislation must be clear and compelling. There is a presumption against such an intention. * * *"
In order, therefore, to find that the 1958 statute repeals the earlier one by implication, there must be a finding that the provisions in the former are repugnant to or inconsistent with the provisions in the latter, or that the legislative intent to repeal the earlier statute is clearly apparent in the later one. A reading of the two statutes does not reveal any repugnancy or inconsistency, nor is there any indication in the 1958 act of any legislative intent to repeal the earlier statute.
The new statute is completely lacking in any language indicative of a legislative intent to supersede the right of municipalities to control the sale of merchandise within their borders on Sunday. In order to find that the Legislature intended to deprive municipalities of that right, which prior to the passage of the 1958 act was clearly recognized as being vested in them, some specific legislative language or intent must appear. There is none here. The most that can be said is that the Legislature decided specifically to prohibit the sale of certain items of merchandise and to provide penalties for the sale of such merchandise, but not to change the existing public policy nor to deprive municipalities of the right to make and enforce their own Sunday closing ordinances within the framework of and consistent with N.J.S. 2A:171-1 et seq.
The defendant's fourth argument is that the penalties set forth in the ordinance are oppressive. The ordinance provides in section 7 for a fine up to $200 upon conviction, or a jail term not exceeding 90 days. No proof or authority was offered to support the argument that such penalties are excessive.
The penalty provided in N.J.S. 2A:171-1.1 for the sale of new or used motor vehicles on Sunday is $100 for the first offense or a prison term of ten days, with graduated fines and imprisonment up to $750 and six months' imprisonment for third and subsequent offenses, plus the suspension *250 of the dealer's right to engage in the business of buying or selling automobiles.
The penalties fixed by L. 1958, c. 138, are $25 fine for the first offense, increasing to $200 or 30 days in jail for the third offense, and for the fourth offense not less than 30 days nor more than six months in jail.
Judged in the light of the penalties in these statutes, the penalties provided in the present ordinance are not oppressive.
Finally, defendant argues that the town may not use its police power arbitrarily or oppressively. This, of course, is true. But, there is nothing in the proof to indicate that the police power has been so used. As stated above, it appears that the West Orange police authorities have endeavored to the best of their ability to enforce the ordinance without discrimination. The mere fact that the defendant's witness was able to make purchases of articles of merchandise, the sale of which may be proscribed by the ordinance, does not indicate that the police power is being used oppressively against the defendant and that others are being allowed to escape punishment. The testimony shows that numerous complaints of violations have been brought into court. There have been trials and in some cases guilty pleas. Enforcement is not being neglected.
The quotation from the opinion in Hertz Washmobile System v. Village of South Orange, supra (Law Div.), cited in the defendant's brief, is not applicable to the present situation. However, that same opinion states that, since there was nothing to indicate a purpose to strike at the defendant alone in that case, there was nothing to indicate that the ordinance should be struck down as a perversion of the police power aimed at that defendant. The same observation applies to the defendant in this case.
Nor, does the fact that contiguous communities permit the sale of articles of merchandise prohibited in West Orange or permit labor to be carried on there affect the validity of the West Orange ordinance. On this point, in the Law Division opinion in the Hertz case, supra, it was said, 41 N.J. Super. at page 119:
*251 "Plaintiff points out that in contiguous communities washmobiles operate on Sunday and in fact offered testimony that no other municipality in the State has closed any existing washmobile on that day. But if the Village's action is within its power and does not offend any constitutional or other limitation, the inaction of other municipalities neither curtails the Village's authority nor evidences a purpose to discriminate invidiously. Amodio v. Board of Commissioners of Town of West New York, 133 N.J.L. 220, 225 (Sup. Ct. 1945)."
Neither the arguments of the defendant nor the proof support its contention that the ordinance in question is invalid. The conviction will be affirmed, with costs.