WILLIAM D. MOYER, APPELLANT, v. BOARD OF
REVIEW, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued November 10, 1981—Decided March 16, 1982.

Before Judges FRITZ, ARD and TRAUTWEIN.

*William D. Moyer, Jr.* argued the cause for appellant (*Robert M. Reibstein*, attorney).

*Herbert J. Sablove*, Deputy Attorney General, argued the cause for respondent (*James R. Zazzali*, Attorney General of New Jersey, attorney; *Michael S. Bokar*, Deputy Attorney General, of counsel; *Herbert J. Sablove* on the brief).

The opinion of the court was delivered by

FRITZ, P. J. A. D.

Appellant applied for benefits under the New Jersey Unemployment Compensation Act. He was denied these on the basis

that his military pension entirely offset his weekly unemployment benefit entitlement in accordance with *N.J.S.A.* 43:21–5(a). That provision was enacted to conform with the requirements of the Federal Unemployment Tax Act (FUTA), 26 *U.S.C.A.* § 3301 *et seq.*, particularly § 3304(a)(15), and was modified effective January 1, 1981 consistently with a liberalization of the offset requirement in FUTA.[1]

Appellant's contention here is that the offset provision is unconstitutional as a deprivation of due process since contributions into a fund are required from which an individual situated as he is receives no benefits. He also asserts that he has been denied equal protection of the law since only some paying into the fund entertain a "reasonable expectation" of receiving benefits. We are in agreement with the federal cases which have consistently rejected these and similar arguments and we affirm.

With respect to the due process argument, we observe that statutory payroll contributions to unemployment compensation are not in the nature of an insurance premium establishing a right to benefits. They are simply taxes levied to fund the unemployment compensation program and the State is free to determine to whom, in what amounts and under what conditions benefits are to be paid. *Carmichael v. Southern Coal and Coke Co.*, 301 *U.S.* 495, 57 *S.Ct.* 868, 81 *L.Ed.* 1245 (1937). There is no nexus between payment of the contributions and entitlement to benefits. As is observed in *Carmichael*:

> Nothing is more familiar in taxation than the imposition of a tax upon a class or upon individuals who enjoy no direct benefit from its expenditure, and who are not responsible for the condition to be remedied. [at 521–522, 57 *S.Ct.* at 878; footnote omitted]

---

[1]Appellant's entitlement was no longer affected after the modification of January 1, 1981. Accordingly, this appeal concerns itself only with the period between June 11, 1980, when plaintiff's employment ended, and December 31, 1980.

Payment by a worker of statutorily mandated contributions to fund such programs as unemployment compensation does not guarantee entitlement to the worker of benefits under such programs. *Richardson v. Belcher,* 404 *U.S.* 78, 92 *S.Ct.* 254, 30 *L.Ed.*2d 231 (1971); *Flemming v. Nestor,* 363 *U.S.* 603, 80 *S.Ct.* 1367, 4 *L.Ed.*2d 1435 (1960).

 With respect to the equal protection argument, we observe at the outset that while the New Jersey Constitution does not have an explicit equal protection clause, it has been construed to provide "analogous or superior protections" in this respect to the citizens of New Jersey. *Peper v. Princeton Univ. Trustee Board,* 77 *N.J.* 55, 79 (1978). However, constitutional equal protection does not prohibit difference in treatment between and among individuals in the area of social welfare. *Richardson v. Belcher, supra,* 404 *U.S.* at 81, 92 *S.Ct.* at 257; *McKay v. Horn,* 529 *F.Supp.* 847 (D.N.J.1981). It requires only that

> ... [T]he right of all persons must rest upon the same rule under similar circumstances, and that it applies to the exercise of all the powers of the state which can affect the individual or his property, including the power of taxation. *Louisville Gas & Electric Co. v. Coleman,* 277 *U.S.* 32, 48 *S.Ct.* 423, 72 *L.Ed.* 770 (1928).... It is essential that the classification itself be reasonable and not arbitrary, and be based upon material and substantial distinctions and differences reasonably related to the subject matter of the legislation or considerations of policy, and that there be uniformity within the class. [*Washington Nat'l Ins. Co. v. Board of Review,* 1 *N.J.* 545, 553 (1949)]

Measured against this yardstick, the record before us persuades us of the conformity of the offset provision to these standards.

Appellant's argument has a superficial appeal, but is singularly lacking in precedent and flounders in the presence of established law.

Affirmed.