WASHINGTON NATIONAL INSURANCE COMPANY, PLAINTIFF-APPELLANT, v. BOARD OF REVIEW OF NEW JERSEY UNEMPLOYMENT COMPENSATION COMMISSION, NEW JERSEY UNEMPLOYMENT COMPENSATION COMMISSION, AND ROBERT W. CAVANAUGH, DEFENDANTS-RESPONDENTS.

Argued February 7, 1949—Decided March 7, 1949.

546

548

*Mr. Murray Fredericks* argued the cause for plaintiff-appellant (*Mr. Frank B. Farley* on the brief).

*Mr. Clarence F. McGovern* argued the cause for defendant-respondent Board of Review of New Jersey Unemployment Compensation Commission. (*Mr. Charles A. Malloy* on the brief for defendant-respondent New Jersey Unemployment Compensation Commission).

The opinion of the court was delivered by

HEHER, J. The essential question here is the constitutional sufficiency of *R. S.* 43:21–19, as amended by ch. 385 of the Laws of 1941 (*Pamph. L. p.* 992) to contain this provision:

"(i) (7) The term 'employment' shall not include:
"(J) Service performed by agents of insurance companies, exclusive of industrial life insurance agents, or by agents of investment companies, who are compensated wholly on a commission basis."

Industrial life insurance agents in the service of the appellant company were held to be within the coverage of the Act.

 It is said that the amendment contravenes the Fourteenth Amendment of the Federal Constitution and also Article IV, section VII, paragraphs 8 and 9 of the new State Constitution of 1947, barring the grant to any corporation, association or individual, by private, special or local laws, of "any exclusive privilege, immunity or franchise whatever." As to the latter, we must look to the corresponding provisions of the Constitution of 1844, for the constitutional validity of legislation in this regard is to be measured by the organic law in force when the legislation was adopted, except to the extent that the later constitution is made retroactive. Limitations on special or local laws, without more, do not operate to repeal or render inoperative preexisting laws of that class conforming to the old constitution. *Kirkpatrick v. New Brunswick*, 40 *N. J. Eq.* 46 *(Ch.* 1885); *Stockton v. Central Railroad of New Jersey*, 50 *N. J. Eq.* 52 *(Ch.* 1892); *Gaslight Co. of City of New Brunswick v. Borough of South River*, 77 *N. J. Eq.* 487 *(Ch.* 1910); *Saunders v. Morris*, 48 *N. J. L.* 99 *(Sup. Ct.* 1886); *Ingersoll v. Nassau Electric R. Co.*, 157 *N. Y.* 453, 52 *N. E.* 545 *(1899.); Barber Asphalt Paving Co. v. Jurgens*, 170 *Cal.* 275, 149 *Pac.* 560 *(1915); Leser v. Lowenstein*, 129 *Md.* 244, 98 *Atl.* 712 *(1916).* A constitution is to be given a prospective operation only, unless an intention to make it retrospective is clearly revealed in the legislative expression. *San Antonio v. San Antonio Public Service Co.*, 255 *U. S.* 547, 41 *S. Ct.* 428, 65 *L. Ed.* 777 *(1921); Cooley's Constitutional Limitations (8th Ed.)* 136. Article XI, section I, paragraph 3 of the new Constitution directs that all law, statutory and otherwise, in force at the time the Constitution or any article thereof became effective "shall remain in full force until they expire or are superseded, altered or repealed by this Constitution or otherwise." But there is no difference of substance in this behalf between those particular

mandates and Article IV, section VII, paragraphs 9 and 11 of the Constitution of 1844; and thus the inquiry is whether the statutory provision now under review is within the interdicted class.

The argument is that the inclusion of "industrial life insurance agents" alone within the beneficiary class, as provided in the amendment of 1941, serves to deny to the appellant insurance company due process of law and the equal protection of the laws and constitutes "special legislation which grants to a certain class an exclusive privilege or immunity, arbitrarily and capriciously, without a logical and reasonable basis in fact."

This enactment came after the adoption by the Congress, in 1939, of the act relating to Employment Taxes, which defined the term "employment" to exclude "Service performed by an individual for a person as an insurance agent or as an insurance solicitor, if all such service performed by such individual for such person is performed for remuneration solely by way of commission." 26 *U. S. C. A. section* 1607 *(c) (*14*)*. In the Federal Social Security Act of 1935 *(*42 *U. S. C. A. sections* 301–1305*)*, there was not an explicit exclusion of the "services" of insurance agents from the statutory employment category; and until the passage of the cited Federal Act of 1939, there was a contrariety of view both on the Federal and State levels as to the status of insurance agents. There were holdings that industrial insurance agents were independent contractors, and therefore not within the statutory class. In this State, the old Supreme Court ruled that certain insurance agents, whose services would seem to be of the industrial class, were not independent contractors but employees within the coverage of the Act. *Superior Life, Health and Accident Insurance Co. v. Board of Review of the Unemployment Compensation Commission,* 127 *N. J. L.* 537 *(Sup. Ct.* 1942*)*. Following the adoption of the Federal Act of 1939, 33 states and the District of Columbia, we are told without challenge, enacted a like provision barring from such coverage the services of insurance agents whose remuneration is solely by way of commissions. But New Jersey deviated from the substance of the provision by including "industrial life insurance agents" within the beneficiary class

and excluding all other insurance agents; and thus the question arises as to whether the classification is arbitrary and discriminatory, and therefore vicious in the constitutional sense. We think it is.

The classification is plainly illusory. The class included comprises not industrial insurance agents generally, but industrial life insurance agents only; and we perceive no valid ground for this distinction. There is no rational basis for the exclusion of industrial health and accident insurance agents from the excepted class and thus from the coverage of the Act thereby extended to industrial life insurance agents. The character of the service and the conditions of work and the mode and manner of performance and compensation are essentially the same for both groups. The one form of application is used for both classes of insurance; and the proofs show that the industrial insurance agents employed by the appellant company serve in both fields. We have no means of knowing why the Legislature made this distinction. There is no apparent reason for it. There is no conceivable difference between those included and those excluded sufficient to warrant this differentiation of treatment in respect of the benefits and burdens of the Unemployment Compensation Law.

 Though the state has a broad discretion in the selection of the class, it is requisite that the classification have a reasonable and just relation either to the general object of the legislation or to some substantial consideration of public policy or convenience or the service of the general welfare. Otherwise, there would be arbitrary discrimination. The Legislature may, without running afoul of the Fourteenth Amendment or the due process and equality clauses of the State Constitution, make distinctions of degree having a rational basis; and they will be presumed to rest on that basis if there be any conceivable state of facts which would afford reasonable ground for its action. *Carmichael v. Southern Coal & Coke Co.*, 301 U. S. 495, 57 S. Ct. 868, 81 L. Ed. 1245 (1937); *Charles C. Steward Machine Co. v. Davis*, 301 U. S. 548, 57 S. Ct. 883, 81 L. Ed. 1279 (1937). These constitutional limitations safeguard the fundamental rights of persons and of property against arbitrary

and oppressive state action. *Singer Sewing Machine Co. v. New Jersey Unemployment Compensation Commission,* 128 *N. J. L.* 611 *(Sup. Ct.* 1942*),* affirmed 150 *N. J. L.* 173 *(E. & A.* 1943*).*

Here, industrial life insurance agents have been singled out for special favor. By a subdivision of the general class of industrial insurance agents compensated by commissions, the life insurance agents would be arbitrarily favored over other agents in like circumstances; and thus there would be a denial of the equal protection of the laws. Those in precisely the same class are not dealt with alike. The legislation is unequal, partial and discriminatory; it treats members of the same class differently, capriciously denying to some the benefits granted to others. "Arbitrary selection can never be justified by calling it classification. The equal protection demanded by the Fourteenth Amendment forbids this." *Gulf, C. & S. F. Ry. Co. v. Ellis,* 165 *U. S.* 160, 17 *S.Ct.* 255, 41 *L. Ed.* 666 *(1897).*

The equal protection clause means that the right of all persons must rest upon the same rule under similar circumstances, and that it applies to the exercise of all the powers of the state which can affect the individual or his property, including the power of taxation. *Louisville Gas & Electric Co. v. Coleman,* 277 *U. S.* 32, 48 *S.Ct.* 423, 72 *L. Ed.* 770 *(1928).* While the due process and equal protection guaranties are not coterminous in their spheres of protection, equality of right is fundamental in both. Each forbids class legislation arbitrarily discriminatory against some and favoring others in like circumstances. It is essential that the classification itself be reasonable and not arbitrary, and be based upon material and substantial distinctions and differences reasonably related to the subject matter of the legislation or considerations of policy, and that there be uniformity within the class. The equal protection of the laws means that no person or class of persons shall be denied the protection of the laws enjoyed by other persons or classes of persons under similar conditions and circumstances, in their lives, liberty, and property, and in the pursuit of happiness, both as respects privileges conferred and burdens imposed. *Hartford Steam Boiler Inspection & Insurance Co. v.*

*Harrison*, 301 *U. S.* 459, 57 *S. Ct.* 838, 81 *L. Ed.* 1223 *(1937)*; *Old Dearborn Distributing Co. v. Seagram-Distillers Corporation*, 299 *U. S.* 183, 57 *S. Ct.* 139, 81 *L. Ed.* 109 *(1936)*; *Concordia Fire Insurance Co. v. Illinois*, 292 *U. S.* 535, 54 *S. Ct.* 830, 78 *L. Ed.* 1411 *(1934)*; *Sproles v. Binford*, 286 *U. S.* 374, 52 *S. Ct.* 581, 76 *L. Ed.* 1167 *(1932)*; *Kentucky Finance Corporation v. Paramount Auto Exchange Corporation*, 262 *U. S.* 544, 43 *S. Ct.* 636, 67 *L.Ed.* 1112 *(1923)*; *Truax v. Corrigan*, 257 *U. S.* 312, 42 *S. Ct.* 124, 66 *L. Ed.* 254 *(1921)*; *Smith v. Texas*, 233 *U. S.* 630, 34 *S. Ct.* 681, 58 *L. Ed.* 1129 *(1914)*; *Atchison, Topeka & Santa Fe R. Co. v. Matthews*, 174 *U. S.* 96, 19 *S. Ct.* 609, 43 *L. Ed.* 909 *(1899)*. This includes equality of exemption from liabilities. *Cotting v. Kansas City Stock Yards Company, &c.*, 183 *U. S.* 79, 22 *S. Ct.* 30, 46 *L. Ed.* 92 *(1901)*.

And care must be exercised that the efficacy of these constitutional guaranties shall not be whittled away by indulging in unwarranted presumptions of a factual basis for the legislation. In *Gulf, C. & S. F. Ry. Co. v. Ellis, supra*, Mr. Justice Brewer said: "While good faith and a knowledge of existing conditions on the part of a legislature are to be presumed, yet to carry that presumption to the extent of always holding that there must be some undisclosed and unknown reason for subjecting certain individuals or corporations to hostile and discriminatory legislation is to make the protecting clauses of the 14th Amendment a mere rope of sand, in no manner restraining state action."

These principles of equality in the main were also of the essence of Article I, paragraph 1 and Article IV, section VII, paragraphs 9 and 11 of the State Constitution of 1844. See *State Board of Milk Control v. Newark Milk Co.*, 118 *N. J. Eq.* 504 *(E. & A.* 1935*)*. The former provision recognized as "natural and unalienable rights" the enjoyment and defense of one's life and liberty, the acquisition, possession and protection of property, and the pursuit of safety and happiness; while the latter, as we have seen, prohibited the grant to any person, natural or artificial, of an exclusive privilege, immunity or franchise, by special or local law.

In fine, a distinction of degree is not sustainable unless it has a rational basis; and such hypothesis is not conceivable here in any possible view of the facts. None of the considerations considered as a sufficient ground for classification in the case of *Carmichael v. Southern Coal & Coke Co., supra,* is present here. What we have is a subdivision of a wholly natural class without any reason whatever related to the service of the statutory object or the public interest in any of its diverse manifestations.

The subdivision is defended on this ground alone: These insurance agents were "assigned" a "debit" by the appellant company, which means a fixed premium collection area "with reference to industrial policies; and before an agent is permitted to write an industrial health and accident policy, he must write some form of industrial life insurance policy in the" appellant company, and therefore they "do not lose the characteristics of an industrial life insurance agent when they write an industrial health and accident policy."

The distinction thus made is unreal. As the statute is drawn, such agents are not within the coverage of the Act while serving as industrial health and accident insurance agents. As we have seen, the term "employment" signifies "service;" but not "service" performed by agents of insurance companies exclusive of the stated class, or by agents of investment companies, who are compensated wholly by commissions. The judgment of the Board of Review here is so confined. The services rendered by the agents of this company are separable; and the *quantum* of each is represented by the commissions earned under the contract of employment. Roughly, each such agent devotes 40% of his time on the average to industrial health and accident insurance and 20% of his time to industrial life insurance.

Thus, the classification is illusory and offends against the cited Federal and State constitutional limitations.

Appellant contends that if the vitiating clause "exclusive of life insurance agents" be exscinded, the subsection of the statute will be free of legal infirmity and should be effectuated as so qualified.

But the excision of the devitalizing provision would expand the excepted class; and so the whole falls, for we have no way of knowing whether the Legislature would have enacted the measure without this clause. It is equally the exclusion of industrial insurance agents of the other class that renders the classification vicious. Severability is a question of intention. It may well be that if the Legislature was aware of the constitutional barrier, it would not have made the discriminatory classification, but would have followed the Federal statute of 1939, cited *supra,* and included all industrial insurance agents in the excepted non-beneficiary class, or it would not have enacted the measure at all. The rule of severance is in aid of the intention; and to be capable of separate enforcement, there must be such manifest independence of the parts as to clearly indicate a legislative intention that the constitutional insufficiency of the one part would not render the remainder inoperative. The doctrine of separability is one to be applied with caution, for in the enforcement of valid elements of a statute containing invalid elements also, there is danger of judicial usurpation of the legislative power. *Johnson v. State,* 59 *N. J. L.* 535 *(E. & A.* 1896*); Riccio v. Hoboken,* 69 *N. J. L.* 649 *(E. & A.* 1903*); Hudspeth v. Swayze,* 85 *N. J. L.* 592 *(E. & A.* 1913*); Stackhouse v. City of Camden,* 96 *N. J. L.* 533 *(E. & A.* 1921*); United States Realty Corporation v. Asea,* 102 *N. J. Eq.* 600 *(E. & A.* 1928*); Utah Power and Light Co. v. Pfost,* 286 *U. S.* 165, 52 *S. Ct.* 548, 76 *L. Ed.* 1038 *(*1932*).*

The rule of severance is invoked here to serve what is conceived to be the legislative intent. It is said that the design "was to remove insurance agents compensated on a commission basis from the provisions of the Unemployment Compensation Law;" that what is termed the "exception to the proviso" does not "express" the legislative intention; and that the clause " 'exclusive of industrial life insurance agents' was not intended by the Legislature, and that part is unconstitutional and severable from the valid part of the act." But this is plainly not so, for the obvious purpose of the cited clause was coverage of life insurance agents alone of the general class. In the quest for the intention, we cannot ignore the clause which renders the

classification invalid. *Davis v. Wallace,* 257 *U. S.* 485, 42 *S. Ct.* 164, 66 *L. Ed.* 325 *(1922).*

Appellant does not deny that the particular insurance agents were within the coverage of the cited law prior to the adoption of the amendment of 1941. Indeed, it is said on the brief (presumably counsel's conception of the holding in the case of *Superior Life, Health and Accident Insurance Co. v. Board of Review of the Unemployment Compensation Commission, supra)* that "prior to the passage of the statute under attack, insurance agents other than industrial agents were never considered as subject to the provisions" of the law. Therefore, since the amendment of 1941 is wholly ineffective, the allowance of benefits made herein stands as unchallenged under the law as it is, unaffected by the amendment. The pre-existing statute was not impaired by the abortive amendment. *Crater v. County of Somerset,* 123 *N. J. L.* 407 *(E. & A.* 1939*); Attorney General v. Anglesea,* 58 *N. J. L.* 372 *(E. & A.* 1895*); Virtue v. Freeholders of Essex,* 67 *N. J. L.* 139 *(Sup. Ct.* 1901*).* An existing statute "cannot be recalled or restricted by anything short of a constitutional enactment." *Davis v. Wallace, supra; Truax v. Corrigan, supra.*

The judgment is therefore affirmed.

Justices CASE and WACHENFELD concurred in the result.

*For affirmance:* Chief Justice VANDERBILT and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For reversal:* None.