BARBARA J. SWYDERSKY, PLAINTIFF, v. PRUDENTIAL COMMERCIAL INSURANCE COMPANY, A SUBSIDIARY OF THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, DEFENDANT.

Superior Court of New Jersey
Law Division Cumberland County

Decided October 27, 1988.

*Theodore Henry Ritter* for plaintiff.

*William E. Nugent* for defendant (*Todd, Gemmel, Nugent & Fitzgerald,* attorneys).

KLEINER, J.S.C.

This case of first impression is presented pursuant to cross-motions for summary judgment in a suit for declaratory judgment. The issue before the court concerns the interpretation of *N.J.S.A.* 39:6A–4.3(a) and (c) of the New Jersey Automobile Reparation Reform Act, commonly known as the "no fault" insurance law.

Plaintiff, Barbara Swydersky, seeks the entry of an order compelling defendant, Prudential Property and Casualty Insurance Company (Prudential), to reimburse monies withheld from her personal injury protection benefits pursuant to *N.J.S.A.* 39:6A–4.3(a) and monies withheld pursuant to a third-party recovery "setoff" pursuant to *N.J.S.A.* 39:6A–4.3(c).

*N.J.S.A.* 39:6A–4.3(a) provides *inter alia:*

> With respect to personal injury protection coverage provided on an automobile in accordance with section 4 of P.L.1972, c. 70 (C. 39:6A–4), the automobile insurer shall, at appropriately reduced premiums, provide the following coverage options:
>
> a. Medical expense benefit deductibles in amounts of $500.00, $1,000.00 and $2,500.00 for any one accident;
>
> *N.J.S.A.* 39:6A–4.3(c) provides *inter alia,*

c. A setoff option entitling an automobile insurer paying medical expense benefits under section 4 to reimbursement from, and a lien on, any recovery for noneconomic loss by an injured party pursuant to an arbitration award, judicial judgment of voluntary settlement for the amount of the medical expense benefits paid, not to exceed 20% of the amount of the award, judgment or settlement, including recoveries under uninsured and underinsured motorist coverage ...

Plaintiff is the mother-in-law of David Sutton, the named insured on a liability insurance policy issued by defendant. Plaintiff did not own an automobile nor is she the named insured on any liability insurance policy. Plaintiff resides with her son-in-law and daughter, and pays them $300 a month for room and board.

On March 27, 1985, plaintiff was a passenger in Sutton's vehicle when it was involved in a collision with a vehicle operated by Leonard Holmes, Jr., who also was insured by defendant. Both plaintiff and Sutton were injured and sustained medical bills in excess of $2500.

When Sutton purchased his policy of insurance from defendant, he elected the option of a medical expense benefit deductible of $2500 as permitted by *N.J.S.A.* 39:6A–4.3(a) and a setoff option entitling an automobile insurer to reimbursement from, and a lien on, any recovery for noneconomic loss by an injured party (named insured or resident relative) "not to exceed 20% of the amount of the award," pursuant to *N.J.S.A.* 39:6A–4.3(c).

Plaintiff asserted a claim against defendant for personal injury protection benefits, and filed a complaint for noneconomic losses against Sutton and Holmes. Sutton also filed his own claim for medical reimbursement with defendant.

In processing plaintiff's and Sutton's medical reimbursement claims, defendant, relying upon the following statutory language, deducted $1250 from plaintiff's claim and $1250 from Sutton's claim. *N.J.S.A.* 39:6A–4.3.

In the case of a medical expense benefit deductible, the deductible elected by the named insured shall be satisfied for any one accident, whether the medical expense benefits are paid or provided, in the amount of the deductible, to the named insured or to one or more resident relatives in the named insured's household who are not named insureds under another insurance policy, or to any combination thereof. [*Ibid.*]

When plaintiff settled her claim for noneconomic loss against Sutton and Holmes, defendant also deducted 20% from the total gross settlement as permitted by *N.J.S.A.* 39:6A–4.3(c).

Plaintiff now seeks a judgment that the 20% setoff and the $1250 deduction were improper. Plaintiff's motion raises the following question: Is an economically independent mother-in-law residing in the home of an insured who has elected options set forth in *N.J.S.A.* 39:6A–4.3(a) and (c) bound by the terms of those options?

In order to answer the question posed, a review of the basic provisions of the "no fault" statute is necessary. *N.J.S.A.* 39:6A–4 provides for the payment of basic benefits to three classes of prospective claimants. Basic benefits are payable to class 1, "the named insured and members of his family residing in his household"; class 2, "other persons sustaining bodily injury while occupying the automobile of the named insured"; class 3, "pedestrians sustaining bodily injured caused by the named insured's automobile."

The term "family" is not defined within *N.J.S.A.* 39:6A–4 nor is it defined within the definitional section of *N.J.S.A.* 39:6A–2.

In *Brokenbaugh v. N.J. Manufacturers Ins. Co.*, 158 *N.J. Super.* 424 (App.Div.1978), the 20–year–old daughter of the paramour of a named insured was deemed a "foster child," and thus, eligible for benefits as a "class 1" claimant under her "foster father's" policy of insurance. The court was not required to define the word "family" as the policy endorsement, which had been approved by the Commissioner of Insurance provided benefits to "the named insured or any relative of the named insured." Relative was defined as "a person related to the named insured by blood, marriage or adoption (including a ward or foster child) who is a resident of the same household as the named insured."

The court in *Brokenbaugh* stated:

... there are indications that the definition of the term "family" is not confined to those who stand in a legal or blood relationship. By using the

terms "ward" and "foster child" the Commissioner indicates that family shall include those who live within the domestic circle of, and are *economically dependent* on the named insured.... The undisputed facts ... show that plaintiff was *dependent* on Colburn *in all respects* and viewed him as a father. [*Id.* at 430; emphasis supplied]

The concept espoused in *Brokenbaugh* was expanded in *James by Robertson v. Allstate Ins. Co.,* 201 *N.J.Super.* 299 (App.Div.1985). In that case the payment of a support contribution by a noncustodial parent was held not to automatically disqualify the child from membership in the family of the adult, a named insured, with whom the custodial parent resided while still unmarried.

Thus, if a stepchild residing with the insured is a member of the insured's family, then a child who is a *de facto* stepchild should also be so regarded, if all of the customary attributes and characteristics of the stepparental relationship are present. [*Id.* at 304.]

Although a child residing with a named insured will be deemed a member of the family pursuant to *N.J.S.A.* 39:6A–4, if the child is dependent, in whole, as in *Brokenbaugh,* or in part, as in *James by Robertson,* an adult residing extramaritally with a named insured will not be deemed a member of the family if the adult and the named insured share expenses. *Wood v. State Farm Mut. Auto Ins. Co.,* 178 *N.J.Super.* 607 (App.Div.1981).

The court in *Wood* enforced the clear meaning of *N.J.S.A.* 39:6A–4 and distinguished the holding in *Brokenbaugh* which utilized the insurance endorsement and the definition contained therein as justifying the decision reached.

The thrust of plaintiff's argument stems from the economic dependency analysis in the decisions cited. Succinctly stated, plaintiff contends, that if economic dependency, in whole or in part, is sufficient to render a *de facto* child a member of an insured's family, then economic independence should be sufficient to shield an adult claimant from options reducing insurance coverage selected by the named insured.

A named insured must provide basic personal injury protection coverage for classes of claimants itemized in *N.J.S.A.* 39:6A–4. A named insured must be afforded the opportunity to

increase the minimum mandatory insurance coverage. *N.J.S.A.* 39:6A–10. By such an election, the named insured may also increase the insurance benefits available to a "resident relative in the household of the named insured." *N.J.S.A.* 39:6A–10.

The no fault statute fails to define "resident relative." The legislative statement which was enacted to clarify this statute, however, states:

> This bill amends section 10 of the 'Automobile Reparation Reform Act' (no fault) to provide that optional benefits be offered to the named insured and members of his family residing in his household. [*Assembly Bill* 1853, *L.*1981, c. 533; see also *Clendaniel v. New Jersey Manufacturers Ins. Co.*, 96 *N.J.* 361 (1984)]

Although it is arguable that the Legislature has utilized the phrases "members of his family residing in his household," *N.J.S.A.* 39:6A–4 and "resident relatives in the household of the named insured," *N.J.S.A.* 39:6A–10, interchangeably, for the reasons expressed below this argument is rejected.

In 1983 our Legislature enacted a series of statutes supplementing the "no fault" insurance law, designed to lower insurance premiums by permitting a named insured to reduce the benefits which heretofore were minimum but mandatory benefits. *N.J.S.A.* 39:6A–4.

Thus, a named insured may elect a medical expense benefit deductible, *N.J.S.A.* 39:6A–4.3(a), or a "setoff option," *N.J.S.A.* 39:6A–4.3(c) against a recovery by an injured party for noneconomic loss in a sum not to exceed 20% as partial reimbursement to the insurance carrier for medical expenses paid pursuant to *N.J.S.A.* 39:6A–4.

*N.J.S.A.* 39:6A–4.3 specifically provides:

> A deductible, exclusion or setoff elected by a named insured ... shall apply only to the named insured and any *resident relative* in the named insured's household who is not a named insured under any other automobile insurance policy. [Emphasis supplied]

Curiously, the same legislation, *L.*1983, c. 362 which is known as "The New Jersey Automobile Insurance Freedom of Choice and Cost Containment Act of 1984" offers an insured an additional cost saving option. *N.J.S.A.* 39:6A–8.1 provides, *inter alia,* that an insured must be offered the option to

increase the threshold for personal injury lawsuits against third parties for recovery of damages for noneconomic loss from $200, *N.J.S.A.* 39:6A–8(a), to a threshold of $1500, *N.J.S.A.* 39:6A–8(b).[1]

However, unlike the other cost containment provisions, *N.J.S.A.* 39:6A–4.3(a), (b), (c), the threshold option is only binding upon members of the named insured's "immediate family residing in the named insured's household." *N.J.S.A.* 39:6A–8.1.

Unlike, "family member" and "resident relative" which are *not* defined, the term "immediate family" is specifically defined within *N.J.S.A.* 39:6A–8.1 as:

... the spouse of the named insured and any child of the named insured or spouse residing in the named insured's household, who is not a named insured under another automobile insurance policy.

The inconsistency in the applicability of cost containment provisions or options highlights the thrust of plaintiff's argument.

If a named insured can reduce his premiums by raising the noneconomic tort claim threshold and can only bind members of his "immediate family" who presumably will benefit by premium reductions, then the named insured should not be permitted to bind members of his family or "resident relatives" who are economically independent and will not benefit by a reduction in insurance premiums expended within the family structure.

This concept, if adopted, would require interpreting "resident relative" as used in *N.J.S.A.* 39:6A–4.3 as meaning "immediate family member" as specifically defined by *N.J.S.A.* 39:6A–8.1. In this manner, the cost containment options, if elected by a named insured, will inure to the benefit of the same class of prospective beneficiaries, *i.e.*, the named insured and members of his immediate family.

Under this interpretation it is argued that the true purpose of offering cost containment options will be achieved. A named

[1]The threshold of $1500 in *N.J.S.A.* 39:6A–8(b) was increased to $1950 on January 1, 1988.

insured can achieve lower premiums by binding himself and those economically dependent upon him, in whole or in part, by electing less comprehensive insurance coverage.

The legislative intent to be achieved, therefore, is to make available an option to choose the type of insurance coverage that suits the needs and finances of the insured and members of his immediate family.

For instance, the medical expense deductible option permits the insured to coordinate his automobile insurance coverage with other forms of health coverage, thus an insured, who is covered by Blue Cross/Blue Shield, Medicare or medical expense benefits from another source, may select a suitable PIP deductible.

There is further support for the proposition that cost containment options are to be binding only upon the named insured and his immediate family, when one notes, that the minimum notice which an insurance company must give to its insured states: "... health coverage may also contain insurance provisions and deductibles which you may have to pay and *your health coverage may not apply to every resident relative in your household."* Emphasis supplied. *N.J.A.C.* 11:3–14.3.

Indeed, basic health insurance such as Blue Cross/Blue Shield only provide coverage to the named insured, the insured's spouse and the insured's minor dependents.

To bind an economically independent family member residing in the home of an insured to those options elected pursuant to *N.J.S.A.* 39:6A–4.3 would defeat the purpose of providing such cost containment options.

The more appropriate interpretation would exempt resident relatives who are not members of the immediate family from less comprehensive insurance coverage resulting from option selections over which they are given no choice and the result of which do not benefit them, directly or indirectly, from reduced insurance premiums.

This interpretation would naturally affect benefits available under *N.J.S.A.* 39:6A–10. Yet, why should an emancipated economically-independent adult benefit from increased coverage when *N.J.S.A.* 39:6A–10 options are selected without sharing concomitantly in the increased insurance premiums resulting from the selection.

To illustrate the result of this interpretation, plaintiff would have recovered her medical expenses from defendant pursuant to *N.J.S.A.* 39:6A–4 as a member of "class 1" but would not be subjected to a medical deductible or a medical reimbursement setoff from the tort claim for noneconomic loss. *N.J.S.A.* 39:6A–4.3(a), (c). Nor would she have benefited from increased coverage elected pursuant to *N.J.S.A.* 39:6A–10.

Such an interpretation is consistent with the concept that legislation involving automobile insurance should be liberally construed to provide "the broadest protection for auto accident victims consistent with the language of the pertinent statute." *Motor Club of America Ins. v. Phillips,* 66 *N.J.* 277, 293 (1979).

Based upon the above, plaintiff is entitled to summary judgment. Defendant shall be required to reimburse plaintiff $1250 constituting her medical deductible and the sum constituting 20% of her gross third-party tort recovery for noneconomic loss.