240 N.J. Super. 37 (1990)
572 A.2d 219
BARBARA J. SWYDERSKY, PLAINTIFF-RESPONDENT, AND CROSS-APPELLANT,
v.
PRUDENTIAL COMMERCIAL INSURANCE COMPANY, A SUBDIVISION OF PRUDENTIAL INSURANCE COMPANY OF AMERICA, DEFENDANT-APPELLANT AND CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 7, 1990.
Decided March 28, 1990.
*38 Before Judges KING, SHEBELL and KEEFE.
Michael McFadden argued the cause for appellant and cross-respondent (Todd, Gemmel, Nugent & Fitzgerald, attorneys; William E. Nugent, of counsel; Herbert B. Turkington, on the brief).
Theodore Henry Ritter argued the cause for respondent and cross-appellant (Ritter, Hanford and Pryor, attorneys; Theodore Henry Ritter and Eleanor B. Hanford, on the brief).
The opinion of the court was delivered by SHEBELL, J.A.D.
Plaintiff Barbara J. Swydersky is a resident in the household of her son-in-law David Sutton. She was injured on March 27, 1985, when David, driving his car with plaintiff as a passenger, collided with a parked car owned by Leonard Holmes. Plaintiff's medical expenses totaled $3,254.18. At the time of the accident plaintiff neither owned a car nor was she the named insured under any auto insurance policy. Both the Sutton and Holmes cars were insured by defendant Prudential Insurance Company (Prudential). Plaintiff made a claim to defendant for payment of personal injury protection (PIP) benefits under Sutton's policy but was not paid promptly. She then instituted this action in the Law Division seeking payment.
Under the options required to be offered to car owners under New Jersey's no-fault insurance system, Sutton chose a policy with a medical expense deductible of $2,500, N.J.S.A. 39:6A-4.3(a), *39 and a "setoff" mechanism, N.J.S.A. 39:6A-4.3(c),[1] which entitled Prudential to reimbursement from any recovery for non-economic loss, by judgment or settlement, for the defendant's prior payment of medical expenses, not to exceed 20% of the award. Defendant subsequently paid all of plaintiff's and Sutton's medical expenses over the deductible $1,250 for each; that is, the amount of the deductible applicable to each after it was divided between them as required by N.J.S.A. 39:6A-4.3.
Plaintiff instituted a tort action against Sutton and Holmes and settled her claims with their insurer Prudential for non-economic losses for $11,500. In paying the settlement, Prudential sought to reimburse itself under the "setoff" provision of Sutton's policy. Thus, Prudential setoff $1,339.31 for the entire amount of prior medical expense payments made to plaintiff under Sutton's policy, which was well within the 20% settlement limitation of N.J.S.A. 39:6A-4.3. Plaintiff, objecting to Prudential's reimbursement, amended her complaint in the suit for PIP benefits against Prudential by adding two counts. The first added count sought to invalidate defendant's allocation to plaintiff of half of Sutton's $2,500 medical expenses deductible, and the other added count sought to prevent the application of the "setoff" condition of Sutton's policy to her settlement amount.
In his written opinion of October 27, 1988, Judge Kleiner granted plaintiff's motion for summary judgment and denied defendant's cross-motion for summary judgment. See Swydersky v. Prudential Com. Ins., 229 N.J. Super. 608, 616, 552 A.2d 240 (Law Div. 1989). He explained that the deductible and "setoff" provisions of Sutton's policy did not apply to plaintiff because plaintiff was not a "resident relative" in Sutton's household within the meaning of N.J.S.A. 39:6A-4.3. Id. at 612-15, 552 A.2d 240. The judge compared "resident relative" with the term "immediate family member" as defined by N.J. *40 S.A. 39:6A-8.1. Id. at 613-14, 552 A.2d 240. He then found that
[t]o bind an economically independent family member residing in the home of an insured to those options elected pursuant to N.J.S.A. 39:6A-4.3 would defeat the purpose of providing such cost containment options.
The more appropriate interpretation would exempt resident relatives who are not members of the immediate family from less comprehensive insurance coverage resulting from option selections over which they are given no choice and the result of which do not benefit them, directly or indirectly, from reduced insurance premiums. [Id. at 615, 552 A.2d 240].
The judge reasoned that plaintiff was "economically independent" and therefore was not bound by Sutton's choices of options for his auto insurance coverage because she did not benefit from any premium savings as an economically dependent relative. Id. at 614-15, 552 A.2d 240. Upon entry of a final order the judge also awarded costs and a $2,500 fee to plaintiff's attorney.
Defendant appeals challenging the judge's interpretation of the no-fault law's use of the term "resident relative." Plaintiff cross-appeals, challenging the award of attorneys fees and requesting that the award be increased.
Both the option for a $2,500 deductible for medical expense benefits pertaining to any one accident and the former option permitting a setoff of up to 20% for reimbursement of medical expenses paid against recoveries from third parties for non-economic loss are controlled by N.J.S.A. 39:6A-4.3. The provisions in effect at the time of plaintiff's accident read as follows:
A deductible, exclusion or setoff elected by the named insured in accordance with this section shall apply only to the named insured and any resident relative in the named insured's household who is not a named insured under another automobile insurance policy, and not to any other person eligible for personal injury protection benefits required to be provided in accordance with section 4. [N.J.S.A. 39:6A-4.3; emphasis supplied].
The disputed language, "any resident relative in the named insured's household," employed to identify those who would be bound by the deductible exclusion and setoff election made by the named insured under the 1984 auto reform legislation was *41 not new to the No-fault Act. It was precisely the same language used when the Legislature undertook three years earlier to amend N.J.S.A. 39:6A-10 to eliminate what it classified as "an inconsistency between sections 4 and 10 of the New Jersey no-fault law." See Senate Labor, Industry and Professions Committee, Statement to Assembly, No. 1853  L. 1981, c. 533 (appended to N.J.S.A. 39:6A-10) (Senate Committee Statement). The Senate Committee Statement noted at that time:
While section 4 benefits are applicable to the named insured and the members of his family, the statutory language of section 10 is unclear with respect to the applicability of the section 10 benefits to members of the household as well as the named insured. This legislation makes the additional benefits available to both named insureds and members of their families residing in their household. [Ibid.; emphasis supplied].
It is thus abundantly clear that the Legislature, even before enacting the amendment we seek to construe today, equated the provision "resident relatives in the household" as used in section 10 with the language of section 4 which provides PIP benefits to "members of [the insured's] family residing in his household." Compare N.J.S.A. 39:6A-10 with N.J.S.A. 39:6A-4. See also Senate Committee Statement, supra; Clendaniel v. New Jersey Mfrs. Ins. Co., 96 N.J. 361, 365-67, 476 A.2d 263 (1984).
Contrary to the ruling of Judge Kleiner, we find this conclusion to be inescapable. Just as plaintiff would clearly be covered for PIP benefits under section 4 because she is a member of the insured's family residing in the household, even if she had not been a passenger in his vehicle, so too she is bound by the "cost containment options" which he elected under N.J.S.A. 39:6A-4.3. The provision of section 4.3 binding "resident relatives" of the named insureds household is synonymous with the language employed in section 4 which provides protection for "members of [the named insured's] family residing in his household...."
We find no sound reason why the Legislature would have employed the identical language that it had previously used in section 10 to bring about congruity with the section 4 term *42 "resident relatives," yet intend that it not have the same effect when it later used the language in the 1984 "cost containment options" provisions. The ruling of Judge Kleiner also would serve to defeat the Legislature's intent in amending N.J.S.A. 39:6A-10 to include members of the insured "family residing in his household" thereby limiting benefits the insured purchased for his extended family members to only his immediate family. See 229 N.J. Super. at 614-16, 552 A.2d 240.
We find no factual dispute regarding the status of the plaintiff as a "resident relative" in the named insured's household. Indeed, plaintiff's verified complaint against Prudential cites her status as a resident in the household of David N. Sutton as a basis for recovery of PIP benefits.
The judgment of the Law Division is reversed. The matter is remanded for entry of an appropriate order for summary judgment in favor of defendant. The cross-appeal is rendered moot by our decision.
NOTES
[1] The setoff provision of N.J.S.A. 39:6A-4.3(c) was repealed by amendment, L. 1988, c. 119, § 38, effective January 1, 1989.