623 A.2d 310

BARBARA J. SWYDERSKY, PLAINTIFF, v. PRUDENTIAL COMMERCIAL INSURANCE COMPANY, A SUBSIDIARY OF THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, DEFENDANT.

Superior Court of New Jersey
Law Division Cumberland County

Decided February 3, 1993.

546

*Theodore Henry Ritter,* for plaintiff.

*William E. Nugent,* for defendant (*Todd, Gemmel, Nugent & Fitzgerald,* attorneys)

KLEINER, J.S.C.

This opinion is a supplemental decision to a prior opinion of the court, *Swydersky v. Prudential Commercial Insurance Company,* 229 *N.J.Super.* 608, 552 *A.*2d 240 (Law Div.1988), *reversed on appeal,* 240 *N.J.Super.* 37, 572 *A.*2d 219 (App.Div. 1990).

The factual history giving rise to this litigation is set forth in both reported decisions and need not be recited again within this supplemental opinion.

The original complaint filed by the plaintiff sought alternative forms of relief. This court chose to resolve the dispute by way of statutory construction, and it was this court's analysis of the statute which was reversed on appeal. The plaintiff had sought initially a declaration that the entire statutory scheme set forth in *N.J.S.A.* 39:6A–4.3 was unconstitutional, and although that argument was briefed by counsel and argued orally on the original return day of the motion, the constitutional arguments were not addressed by this court in its original opinion, nor were they addressed by the Appellate Division in its decision.

Subsequent to the publication of the Appellate Division decision, plaintiff sought leave in a timely fashion for reconsideration by the Appellate Division and specifically requested the Appellate Division to address the issues raised concerning constitutionality. The Appellate Division declined to hear argument on the constitutional issues but remanded the matter to the trial court for a consideration of those arguments and a ruling upon the constitutional issues. This opinion, therefore, concentrates on the constitutional questions which were raised but were not addressed in this court's original opinion.

This court originally determined, as a matter of statutory construction, that the deductible and "set-off" provisions in

Swydersky's son-in-law's policy did *not* apply to her because she was not a "resident relative" within her son-in-law's household according to *N.J.S.A.* 39:6A–4.3.[1]

In granting summary judgment to Swydersky, this court reasoned that "[t]o bind an economically independent family member residing in the home of an insured to options elected pursuant to *N.J.S.A.* 39:6A–4.3 would defeat the purpose of providing ... cost containment options." *Id.*, 229 *N.J.Super.* at 615, 552 *A.*2d 240. The court added that "[t]he more appropriate interpretation would exempt resident relatives who are not members of the immediate family from less comprehensive insurance coverage resulting from option selections over which they are given no choice and the result of which do not benefit them, directly or indirectly, from reduced insurance premiums." *Id.* at 615, 552 *A.*2d 240.

The Appellate Division, in reversing this court, held that Swydersky, as a resident mother-in-law, was "a member of the insured's family residing in the household ... [and therefore] is bound by the cost containment options which [her son-in-law] selected under *N.J.S.A.* 39:6A–4.3." *Id.*, 240 *N.J.Super.* at 41, 572 *A.*2d 219.

---

[1] *N.J.S.A.* 39:6A–4.3(a) provides *inter alia:* With respect to personal injury protection coverage provided on an automobile in accordance with § 4 of P.L.1972, c. 70 (C. 39:6A:4), the automobile insurer shall provide the following coverage options:

(a) Medical expenses benefit deductibles in amounts of $500.00, $1,000.00 and $2,500.00 for any one accident;

*N.J.S.A.* 39:6A–4.3(c) provides *inter alia:*

(c) A set-off option entitling an automobile insurer paying medical expense benefits under § 4 to reimbursement from, and a lien on, any recovery from non-economic loss by an injured party pursuant to an arbitration award, judicial judgment or voluntary settlement for the amount of medical expense benefits paid, nor to exceed 20% of the amount of the award, judgment, or settlement, including recoveries under uninsured and underinsured motorist coverage.

The set-off provisions was repealed by amendment *L.* 1988, *c.* 119, Section 38, effective January 1, 1989.

Swydersky is a resident in the household of her daughter and son-in-law, David Sutton. On March 27, 1985, Swydersky was a passenger in Sutton's automobile when it was involved in a collision with another vehicle owned by Leonard Holmes, Jr. Swydersky was injured as a result of the accident and sustained $3,254.18 in medical expenses. At the time of the accident Swydersky was neither a car owner nor a named insured under any automobile insurance policy. She filed a claim against Prudential for payments of Personal Injury Protection (PIP) benefits under Sutton's policy, but was not paid in a prompt manner. In response to this delay, Swydersky brought suit against Prudential seeking payment.

Prudential paid Swydersky's medical expenses over a deductible of $1,250 and applied this same deductible to Sutton, who also was insured, pursuant to Sutton's $2,500 deductible choice, under *N.J.S.A.* 39:6A–4.3(a). Prudential also set-off $1,339.31 from a $11,500 settlement reached with Swydersky for non-economic losses. This set-off was required by terms set forth within Sutton's automobile insurance policy pursuant to *N.J.S.A.* 39:6A–4.3(c).[2]

In deciding this case previously, this court focused upon issues of statutory interpretation. Now this court must address the constitutional issue of whether the State Legislature through *N.J.S.A.* 39:6A–4.3 may, without providing notice, include economically independent relatives within the classification of "resident relatives" and thus bind those persons to the elected options chosen by the head of the household, who is the named insured. Swydersky contends that *N.J.S.A.* 39:6A–4.3, if applied to her, as an economically independent resident relative, offends due process guarantees of both the New Jersey Constitution and the Federal Constitution.

---

2 *N.J.S.A.* 39:6A–4.3(a) and *N.J.S.A.* 39:6A–4.3(c) will hereinafter be collectively referred to as *N.J.S.A.* 39:6A–4.3. Swydersky's constitutional claims apply to both provisions.

■ Both parties acknowledge that *N.J.S.A.* 39:6A–4.3 concerns economic and social legislation. To pass constitutional muster economic and social legislation in New Jersey must meet a certain minimum standard of rationality. Swydersky's claim does not involve suspect or semi-suspect classifications such as race or gender [3], nor does it involve a fundamental right such as marriage or travel [4], and therefore does not warrant a higher level of scrutiny.

■ Both parties have vigorously argued over the precise standard of rationality to be applied to ·Swydersky's claims. Prudential insists that the standard is mere rationality, as proposed in *Rybeck v. Rybeck*, 141 *N.J.Super.* 481, 358 *A.*2d 828 (Law.Div.1976) where the court asserted that the rational basis test is rather uncritical. *Id.* at 494, 358 *A.*2d 828. Swydersky contends that the rationality standard to be employed derives from *Washington National Insurance Company v. Board of Review of New Jersey, Unemployment Compensation Commission*, 1 *N.J.* 545, 64 *A.*2d 443 (1949) in which the Court declared that "law shall not be unreasonable, arbitrary or capricious and the means selected shall bear a real and substantial relation to the general object of the legislation." *Id.* at 552, 64 *A.*2d 443.

Whether under a *Rybeck* or *Washington National* standard, there are persuasive arguments for the proposition that it is rational to include resident relatives within the deductible and set-off limitations chosen by the head of the household. Resident relatives, as distinguished from an unrelated tenant or boarder, derive undefinable benefits from living within a family unit and, it is, therefore, reasonable to require those individu-

---

[3] *See Yick Wo v. Hopkins*, 118 *U.S.* 356, 6 *S.Ct.* 1064, 30 *L.Ed.* 220 (1886) and *Craig v. Boren*, 429 *U.S.* 190, 97 *S.Ct.* 451, 50 *L.Ed.*2d 397 (1976).

[4] *See Loving v. Virginia*, 388 *U.S.* 1, 87 *S.Ct.* 1817, 18 *L.Ed.*2d 1010 (1967) and *Cold Indian Springs Corp. v. Ocean Township*, 154 *N.J.Super.* 75, 380 *A.*2d 1178 (1977), *aff'd*, 161 *N.J.Super.* 586, 392 *A.*2d 175 (1978).

als, regardless of economic independence, who rely upon the head of the household's automobile insurance to be bound by the policy's restrictions. Premium savings flow directly to the head of the household and the immediate family, yet a household as a whole shares in the benefits of reduced insurance costs. Thus, Swydersky benefits from lower insurance premium costs and she, therefore, falls within the class of resident relatives who, as recipients of that choice, can be bound to the head of the household's insurance policy decisions without offense to her due process rights.

Swydersky relies on several New Jersey cases in which our courts have held economic and social statutes to be irrational. Swydersky cites *Washington Nat'l Ins. Co. v. Bd. of Review of New Jersey, Unemployment Compensation Commission,* 1 *N.J.* 545 (1949) in which the statute in issue excluded industrial life insurance agents, as compared to other agents, from receiving certain benefits. The Court found this statute to be overtly discriminatory and wholly irrational. *Id.* Yet *Washington Nat'l* is distinguished from the present case, as Swydersky can offer no evidence of invidious discrimination on the part of the Legislature when it created a resident relative classification in *N.J.S.A.* 39:6A–4.3.

Swydersky also relies upon *Auto–Rite Supply Company v. Mayor and Township Committeemen of the Township of Woodbridge,* 41 *N.J.Super.* 303, 124 *A.*2d 612 (1956) in which the court invalidated an ordinance concerning Sabbath laws, stating that the law lacked "a reasonable and just relation to the general object of the legislation or some substantial consideration of public policy or convenience or some service of common welfare." *Id.* at 311, 124 *A.*2d 612. The same deficiencies cannot be said to exist in *N.J.S.A.* 39:6A–4.3.

The goals of cost containment and freedom of choice are consistent with policy objectives of the No–Fault Act. The *Rybeck* court identified four main goals in the No–Fault system: an increase in reparation benefits for those previously

barred a by fault test; a reduction in the costs of automobile insurance; an increase in availability of necessary coverage; and increased judicial economy. *Rybeck, supra,* 141 *N.J.Super.* at 492, 358 *A.*2d 828. These goals underpin *N.J.S.A.* 39:6A–4.3 and were found to be both constitutional and rational in *Rybeck.*

■ Swydersky next challenges the constitutionality of *N.J.S.A.* 39:6A–4.3 by asserting that the failure of the State to provide her with notice of the changes in her tort recovery rights constitutes an abridgement of her procedural due process rights. Any procedural due process claim must first show a liberty or property interest at stake.[5]

Once a liberty or property interest is identified, a court must decide what procedures are due an individual. Swydersky's claim fails to meet the first requirement of a liberty or property interest.

■ It is a stretch of judicial imagination to find a property interest for tort claimants that would require notice from the Legislature to persons affected by a change in tort law. A finding of a property interest should be reserved for cases which, for example, involve public servant rights, as in *Arnett v. Kennedy,* 416 *U.S.* 134, 94 *S.Ct.* 1633, 40 *L.Ed.*2d 15 (1974) and *Battaglia v. Union County Welfare Board,* 88 *N.J.* 48, 438 *A.*2d 530 (1981); liberty interests associated with prisoners, as in *O'Neal v. N.J. State Parole Board,* 149 *N.J.Super.* 174, 373 *A.*2d 657 (App.Div.1977); and public entitlement cases, as in *Goldberg v. Kelly,* 397 *U.S.* 254, 90 *S.Ct.* 1011, 25 *L.Ed.*2d 287 (1970).

■ Without recognized property or liberty interests at stake, this court cannot consider what procedures might be due

---

[5] *See Board of Regents v. Roth,* 408 *U.S.* 564, 92 *S.Ct.* 2701, 33 *L.Ed.*2d 548 (1972) and *Vitek v. Jones,* 445 *U.S.* 480, 100 *S.Ct.* 1254, 63 *L.Ed.*2d 552 (1980) for definitions of liberty and property interests.

a resident relative whose tort recovery rights were altered by *N.J.S.A.* 39:6A–4.3. Yet assuming *arguendo* that Swydersky's tort recovery rights were property or liberty interests, this court declines to hold that the Legislature had an affirmative constitutional obligation to notify every person who might have his tort recovery rights altered by an enactment, repeal, or amendment to a statute.

Lastly, Swydersky argues that *N.J.S.A.* 39:6A–4.3 is unconstitutional because it creates a classification that is arbitrary and capricious. It is difficult to accept Swydersky's argument that the no-fault classification, when applied to economically independent relatives, is irrational. No-fault laws created certain classifications like "resident relatives" to reflect distinctive legislative concerns in automobile insurance, such as providing uniform coverage for family members within a household. The crux of the *Rybeck* decision is that such classifications are by and large reasonable.

Though Swydersky would prefer to have more coverage to compensate for her injuries, it is not unreasonable or arbitrary to treat her equally with all resident relatives who are bound by and rely upon the automobile insurance policy coverage options selected by the head of the household. Swydersky's argument that the classification is irrational and unfair because a non-relative boarder or stranger would receive greater coverage is not persuasive. There are important differences between Swydersky and a non-relative boarder or stranger. Pre-trial discovery revealed that Swydersky had regular access to her son-in-law's automobile, a privilege a non-relative boarder or stranger would not enjoy. Further, Swydersky receives economic benefits from reduced premiums that a non-relative boarder or stranger would not share.

Swydersky has not demonstrated that *N.J.S.A.* 39:6A–4.3 as applied to her violates equal protection, procedural due process or substantive due process. Swydersky has not met her burden

of proving the statute and its classifications are irrational, arbitrary or capricious.

Plaintiff's motion for summary judgment is denied and Prudential shall submit an appropriate order reflecting summary judgment on its cross-motion.