745 A.2d 602

MICHAEL SIGEL, PLAINTIFF, v. NEW JERSEY MANUFACTUR-
ERS INSURANCE COMPANY, DEFENDANT–APPELLANT,
AND ALLSTATE INSURANCE COMPANY, DEFENDANT–RE-
SPONDENT.

Superior Court of New Jersey
Appellate Division

Argued February 1, 2000—Decided February 24, 2000.

294

Before Judges PRESSLER, CIANCIA and ARNOLD.

*Kathleen S. Murphy* argued the cause for appellant (*Connell, Foley & Geiser*, attorneys; *Lisa M. Fontoura* and *Ms. Murphy*, on the brief).

*Donald T. Okner* argued the cause for respondent (*Dwyer Connell & Lisbona*, attorneys; *Mr. Okner*, on the brief).

The opinion of the court was delivered by

CIANCIA, J.A.D.

The question presented by this appeal is whether stepbrothers are "related by marriage" as that language is used in an automobile insurance policy for the purpose of defining coverage.

Plaintiff Michael Sigel was struck by an automobile as he attempted to walk across a street. The driver did not stop and has never been identified. At the time of the accident plaintiff lived with his mother, his stepfather and his stepfather's son, Anthony. Plaintiff had no automobile insurance but his mother and stepfather had a policy issued to them as named insureds by defendant New Jersey Manufacturers Insurance Company, and Anthony was the named insured on a policy issued to him by defendant Allstate Insurance Company. Plaintiff sought uninsured motorist coverage under both those policies. The matter went to arbitration and subsequently to litigation. A trial date had been set when Allstate moved for summary judgment on the theory that plaintiff was not entitled to coverage because he was neither a family member nor a relative of its insured. The motion judge was persuaded to the merits of Allstate's position and entered summary judgment in its favor. We denied a motion for leave to appeal that interlocutory judgment. The remainder of the litigation was settled, and New Jersey Manufacturers, which has never disputed the coverage of its policy, specifically reserved its right to pursue the present appeal against Allstate. We now reverse the entry of summary judgment in favor of Allstate.

The Allstate policy provided coverage to Anthony as the named insured and to his family members or relatives. The policy defined "family member" as, "a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child." Similarly, "relative" was defined as, "a person related to the named insured by blood, marriage or adoption (including a ward or foster child) who is a resident of the same household of the named insured."

Allstate successfully argued that plaintiff and his stepbrother, although living together in the same household, were not related

by marriage. Although there is not a great deal of law addressing this question, the most analogous cases run counter to Allstate's position. Moreover, logic, common sense and the reasonable expectations of the average policyholder militate in favor of step-brothers being considered related through marriage.

The rules for interpreting insurance contracts are well known and have been recently reiterated by our Supreme Court in *Gibson v. Callaghan*, 158 *N.J.* 662, 730 *A.*2d 1278 (1999):

> Insurance policies are contracts of adhesion and, as such, are subject to special rules of interpretation. As this Court noted in *Allen v. Metropolitan Life Insurance Co.*, 44 *N.J.* 294, 305, 208 *A.*2d 638 (1965), an insurance company is "expert in its field and its varied and complex instruments are prepared by it unilaterally whereas the assured or prospective assured is a layman unversed in insurance provisions and practices." Therefore, when called on to interpret insurance policies, we "assume a particularly vigilant role in ensuring their conformity to public policy and principles of fairness."
>
> ... Generally, the words of an insurance policy are to be given their plain, ordinary meaning. In the absence of any ambiguity, courts "should not write for the insured a better policy of insurance than the one purchased."
>
> However, that ambiguities in an insurance policy are to be interpreted in favor of the insured is fundamental. When obligated to construe an ambiguous clause in an insurance policy, courts should consider whether more precise language by the insurer, had such language been included in the policy, "would have put the matter beyond reasonable question."
>
> Further, insurance policies must be construed to comport with the reasonable expectations of the insured....
>
> Concerning exclusion clauses that proscribe or limit coverage, we have observed that "[i]n general, insurance policy exclusions must be narrowly construed; the burden is on the insurer to bring the case within the exclusion." Conversely, clauses that extend coverage are to be viewed broadly and liberally.
>
> [158 *N.J.* at 669–71, 730 *A.*2d 1278 (citations omitted).]

The Oklahoma Supreme Court used these principles to decide a case that was factually close to that now before us. In *Flitton v. Equity Fire and Cas. Co.*, 824 *P.*2d 1132 (Okla.1992), the named insured was the stepbrother of decedent on whose behalf coverage was sought. The policy definition of family member was identical to the definition in Allstate's policy. There, as here, the term "related" was not defined in the policy but the carrier argued it was synonymous with "affinity" and further that affinity connected a stepson and stepparent but not stepbrothers. In rejecting that

argument the Oklahoma Supreme Court said that even accepting the definition of affinity urged by the carrier, the policy used the term "family" which is broader than legal or blood relationship. The Oklahoma Court cited to *Brokenbaugh v. New Jersey Mfrs. Ins. Co.,* 158 *N.J.Super.* 424, 430, 386 *A.*2d 433 (App.Div.1978) in support of that proposition. The Oklahoma Supreme Court went on to state:

> The definition of "family member" as used by the Company in its insurance contract consists of words capable of being understood by laymen. The phrase "A person who is related to you by blood, marriage or adoption, who is a member of your household" should need no lawyer to translate it. Nor do we believe it to be ambiguous. We have said that in construing an insurance contract, its terms and words, if unambiguous, must be accepted in their plain, ordinary, and popular sense....
>
> ... We are satisfied that the average policyholder would understand that two stepbrothers are related by the marriage of their respective parents. The Company in writing its policy chose not to use the terms "consanguinity and affinity", with the technical limitations on the latter word. Nor did it specifically list by name each of the individuals intended to be covered....
>
> [824 *P.*2d at 1134 (citations omitted).]

We agree with the analysis of the Oklahoma Supreme Court. We add that even use of the term "affinity" in the policy would not necessarily preclude a finding that stepsiblings were related by marriage. *See, e.g., State v. Brown,* 311 *N.J.Super.* 273, 709 *A.*2d 845 (Law Div.1997) (defendant's sexual attack on stepsister amenable to prosecution under *N.J.S.A.* 2C:14–2c because defendant was related to the victim by affinity); *accord, People v. Armstrong,* 212 *Mich.App.* 121, 536 *N.W.*2d 789, 793 (1995).

■ The Allstate policy in this case does not use the term affinity but rather speaks of "family member" and "relative." Allstate contends that economic dependency is an essential ingredient of those terms and cites *Brokenbaugh v. New Jersey Mfrs. Ins. Co., supra.* That case, however, actually stands for the proposition that there can be insurance coverage as a "family member" even if there is no relationship by blood, marriage or adoption as long as the person resides "within the domestic circle of, and [is] economically dependent on, the named insured." *Brokenbaugh, supra,* 158 *N.J.Super.* at 430, 386 *A.*2d 433. Not only

does *Brokenbaugh* not support Allstate's position, it demonstrates the definitional elasticity of the term "family member." It is clear that if a relationship exists by virtue of blood, marriage or adoption there is no need to add economic dependence as a required criterion. *See Grant v. Amica Mut. Ins. Co.,* 153 *N.J.* 433, 710 *A.*2d 426 (1998) (adult brother covered as family member under adult brother's policy); *Market Transition Facility of N.J. v. Parisi–Lusardi,* 293 *N.J.Super.* 471, 681 *A.*2d 660 (App.Div. 1996) (adult sister covered as family member under adult brother's policy); *Arents v. General Accident Ins. Co.,* 280 *N.J.Super.* 423, 655 *A.*2d 936 (App.Div.1995) (father covered as family member of insured son who spent two nights a week at parent's house); *Swydersky v. Prudential Commercial Ins. Co.,* 240 *N.J.Super.* 37, 572 *A.*2d 219 (App.Div.1990) (economically independent mother-in-law covered as resident relative under son-in-law's policy).

Other cases cited by Allstate are equally unavailing. *Gilman v. City of Newark,* 73 *N.J.Super.* 562, 180 *A.*2d 365 (Law Div.1962), as it relates to the present case, stands only for the proposition that a municipal ordinance defining "related persons" to include just those specifically listed in the ordinance, is not palpably arbitrary or capricious. *Shuman v. Market Transition Facility,* 294 *N.J.Super.* 193, 682 *A.*2d 1225 (App.Div.1996), concerned an unmarried couple found not to be "traditional family members" for purposes of PIP coverage. *N.J.S.A.* 39:6A–4.

■ We are satisfied that the term "related by marriage" encompasses stepsiblings and is not limited to their respective parents. Stepchildren are "routinely found" to be members of a family for insurance purposes. *Brokenbaugh, supra,* 158 *N.J.Super.* at 432, 386 *A.*2d 433; *see New Jersey Manufacturers Ins. Co. v. Travelers Ins. Co.,* 198 *N.J.Super.* 9, 11, 486 *A.*2d 339 (App.Div. 1984); *American Bankers Ins. Co. of Florida v. Stack,* 208 *N.J.Super.* 75, 77, 504 *A.*2d 1219 (Law Div.1984); *see also Boone v. Safeway Ins. Co. of Alabama, Inc.,* 690 *So.*2d 404 (Ala.Civ.App. 1997) (stepchild found to be insured family member under policy

definition that included children "related by marriage to the named insured.")

The judge who decided the summary judgment in favor of Allstate expressed concern that the relationship between stepsiblings was more tenuous than the relationship between stepchild and stepparent. This suggests a concern over degrees of affinity. While there are indeed varying levels of affinity, *see Black's Law Dictionary* 59 (7th ed.1999), for present purposes the "two steps" needed to go from stepbrother to stepbrother do not inhibit a finding of family relationship. In *Swydersky, supra,* the injured plaintiff was the mother-in-law of the insured. In an effort to avoid a deductible exclusion and a setoff provision elected by her son-in-law, plaintiff claimed not to be a resident relative in the insured's household. In rejecting her argument we found it an "inescapable" conclusion that the resident mother-in-law was a member of her son-in-law's family. *Swydersky, supra,* 240 *N.J.Super.* at 41, 572 *A.*2d 219. *See also Grant v. Amica Mutual Insurance Co., supra,* 153 *N.J.* 433, 710 *A.*2d 426 (brother-brother relationship); *Market Transition Facility of New Jersey v. Parisi–Lusardi, supra,* 293 *N.J.Super.* 471, 681 *A.*2d 660 (brother-sister relationship).

Summary judgment in favor of Allstate is reversed. The matter is remanded for further proceedings.